451 A.2d 1360

**COMMONWEALTH of Pennsylvania**

v.

**Mark TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Submitted June 2, 1981.

Filed Sept. 24, 1982.

Reinstated Appeal Denied Nov. 22, 1982.

2

Stephen A. Seidel, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, McEWEN and MONTEMURO, JJ.

PER CURIAM:

This appeal comes before us following the lower court's denial of relief pursuant to the Post-Conviction Hearing Act[1] (PCHA). This appeal has been submitted on briefs without oral argument. Appellant's brief fails to conform with numerous appellate rules, and because the deviation is substantial, we find our ability to conduct meaningful appellate review severely impaired. Given the inadequacy of the appellant's brief we have no recourse and must quash the appeal without reaching the merits.

The inadequate aspects of appellant's brief are not mere matters of form or taste, rather they are the complete absence of those material sections of the brief which facilitate appellate review. Essentially, the brief consists of a three page hodgepodge of facts and argument which is scantily augmented by the citation of authority. The entire content of the brief is contained under the heading *"Brief for Appellant."* There are no other headings or sub-headings.

The Rules of Appellate Procedure enumerate the requisites of a proper brief before this court. Rule 2111 sets

1. Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., *repealed* § 2(a) [1397] of Act 1978, April 28, P.L. 202, No. 53, to take effect June 27, 1980, *reinstated* Act of June 26, 1980, No. 41 §. 1 to June 27, 1982.

forth generally the matters which the brief shall contain,[2] and Rules 2114 through 2119 reiterate and expand upon the general mandate of Rule 2111.[3] The brief submitted by the appellant fails to meet the requirements of the appellate rules in several material respects, including: failure to include a Statement of Jurisdiction (violation of Rule 2114), failure to include a copy of the Order in Question (violation of Rule 2115), failure to include a Statement of the Questions Involved (violation of Rule 2116), failure to include a Statement of the Case (violation of Rule 2117), and failure to include a Summary of the Argument (violation of Rule 2118).

The court will not meticulously examine each brief which comes before us with the express intent of suppressing those which contain minor defects or omissions which are correctable through less drastic means. However, where gross deviations from the appellate rules, which substantially impair our ability to exercise the power of review, are present, we will not hesitate to suppress the party's brief and quash the appeal. As stated in Pa.R.A.P. 2101:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant, and are substantial, the appeal or other matter may be quashed or dismissed.

2. **Rule 2111. Brief of the Appellant**

(a) **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.
(2) Order or other determination in question.
(3) Statement of the questions involved.
(4) Statement of the case.
(5) Summary of argument.
(6) Argument for appellant.
(7) A short conclusion stating the precise relief sought.
(8) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

3. The content of these rules will not be set forth. For complete text see generally Pa.R.A.P., Rules 2101 et seq., 42 Pa.C.S.A.

4

See also *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982); *Commonwealth v. Miller,* 203 Pa.Super. 511, 424 A.2d 531 (1981); *Commonwealth v. Holcomb,* 261 Pa.Super. 532, 396 A.2d 29 (1978). The appellant's brief herein is so defective as to preclude effective appellate review.

The appeal is quashed.