486 A.2d 994

**COMMONWEALTH of Pennsylvania**

v.

**Paul A. STOPPIE, Appellant.**

Superior Court of Pennsylvania.

Submitted July 20, 1984.

Filed Dec. 21, 1984.

Petition for Allowance of Appeal Denied June 28, 1985.

Before CAVANAUGH, McEWEN and MONTGOMERY, JJ.

CAVANAUGH, Judge:

In this case, the appellant, Paul A. Stoppie, was convicted of murder in the first degree following a jury trial before Dolbin, J. His motions for new trial and in arrest of judgment were denied and appellant was sentenced to life imprisonment. He has appealed to this court from the judgment of sentence.

Counsel for the appellant in this case has failed in numerous respects to comply with the Rules of Appellate Procedure concerning the contents of appellate briefs. We would be justified in quashing this appeal under Pa.R.A.P. 2101 which provides that appeals may be quashed where defects in the brief are substantial. See also *Commonwealth v. Jones*, 329 Pa.Super. 20, 477 A.2d 882 (1984) and cases cited therein. See also *Commonwealth v. Gigli*, 287 Pa.Super. 347, 430 A.2d 319 (1981); *Commonwealth v. Holcomb*, 261 Pa.Super. 532, 396 A.2d 29 (1978); *Commonwealth v. Wyant*, 254 Pa.Super. 464, 386 A.2d 43 (1978); *Commonwealth v. Jackson*, 494 Pa. 457, 431 A.2d 944 (1981). Notwithstanding almost complete disregard of the Rules of Appellate Procedure concerning the contents of a brief, we have considered the appeal on the merits in a separate memorandum opinion. We note a trend in which

appellate counsel ignore our appellate rules concerning the preparation of briefs. See *Commonwealth v. Rose,* 265 Pa.Super. 159, 166, 401 A.2d 1148, 1152, Footnote 6, (1979) wherein we stated:

> Appellant's brief also violates some of our other rules, e.g. Pa.R.A.P. 2115, and the appeal could have been quashed pursuant to Pa.R.A.P. 2101. We did not take such drastic action in this appeal due to the seriousness of the issues involved. However, such blatant violations of our rules, without leave of court, will not be tolerated in the future.

See also *Commonwealth v. Casner,* 315 Pa.Super. 12, 461 A.2d 324 (1983); *Commonwealth v. Colon,* 317 Pa.Super. 412, 464 A.2d 388 (1983). Appellate counsel who do not comply with our rules run a grave risk that their appeals will be dismissed, and that the responsibility for such dismissal will weigh heavily on the counsel who fail to comply with published rules.

In this case, appellate counsel, who was also counsel in the court below, filed a brief which failed to comply with Pa.R.A.P. 2111(a)(2) which requires that the brief shall contain the "order or other determination in question." This should follow immediately after the Statement of Questions involved. Counsel also ignored Pa.R.A.P. 2115 which requires that "[t]he text of the order or other determination from which an appeal has been taken or which is otherwise sought to be reviewed shall be set forth verbatim immediately following the statement of jurisdiction." One of counsel's most egregious errors was found in his noncompliance with Pa.R.A.P. 2116 which deals with the statement of questions involved. The Rule provides that the statement of questions involved "should not ordinarily exceed 15 lines, *[and] must never exceed one page."* (Emphasis added) The rule also provides that it is to be "considered in the highest degree mandatory, admitting of no exception." Counsel was not intimidated by this Rule and his brief contains a statement of questions covering thirteen pages. We also note that the statement of questions in-

volved, while it should not ordinarily exceed 15 lines, in this case covers approximately 195 lines.

Pa.R.A.P. 2118 provides that the summary of argument "should not exceed one page and should never exceed two pages." The summary of argument in the instant case is eight pages long. The appellate rule dealing with the manner of setting forth the argument in the brief is found at Pa.R.A.P. 2119. One of the important provisions of this Rule is found at 2119(b) dealing with citations and is often violated in appellate briefs, as it was in the brief now under consideration. The Rule provides in part:

> Opinions of an appellate court of this or another jurisdiction shall be cited from the National Reporter System, if published therein, and to the official reports of Pennsylvania appellate courts, if published therein.

This rule has considerable practical significance as it is a cause of continuing frustration to appellate judges and their staffs to find incomplete and inaccurate citations. Pa.R.A.P. 2119(c) is of equal importance and this Rule was also ignored by counsel. The Rule states in part:

> (c) *Reference to record.* If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (see Rule 2132) (references in briefs to the record).

Appellant's brief also violates Pa.R.A.P. 2119(d) which provides:

> (d) *Synopsis of evidence.* When the finding of, or refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

It is most important that counsel point out to the appellate court the place in the record which sustains the matters to which he is referring. The argument in this brief is 134

pages long and contains innumerable references to evidence and other matters in the record. Yet, there is not one place in the argument where counsel refers us to the page in the record where we may find the subject matter that he is discussing. The trial in this case covered ten days and ran from November 15, 1982 to November 30, 1982. The Notes of Testimony from the trial alone cover 680 pages and the testimony in other proceedings before Judge Dolbin cover just over 200 pages. Since counsel's brief gives us no assistance in our perusal of the record, we must perform, to a certain extent, the duties of appellate counsel and search the record in an attempt to discover what counsel is talking about. Clearly, "appellant has failed to guide the court as to the facts or applicable law." *Commonwealth v. Jackson*, 494 Pa. 457, 431 A.2d 944, (1981).

Counsel has ignored Pa.R.A.P. 2135 dealing with the length of briefs and which provides:

**Rule 2135. Length of Briefs**

Except by permission of the court, briefs (exclusive of pages containing the table of contents, tables of citations and any addendum containing opinions, etc., or any other similar supplementary matter provided for by these rules) shall not exceed:

(1) 50 pages of conventional typographical printing or 70 pages of reproduction by any other process of duplicating or copying, in the case of principal briefs.

(2) 25 pages of conventional typographical printing or 35 pages of reproduction by any other process of duplicating or copying, in the case of reply briefs.

In this case the brief was not prepared by "conventional typographic printing" but by some "other process of duplicating or copying" and is 161 pages in length. It exceeds the maximum length by approximately 90 pages and counsel did not seek permission of our court to file such a brief. It is clear beyond peradventure that the defects in this brief are substantial. While we are not dismissing the appeal in this case, we should insist on compliance with our appellate

rules concerning the preparation of briefs. Counsel who do not comply with the rules, as in this case, have an unfair advantage over those lawyers who conscientiously attempt to comply, as judicial resources are needlessly devoted to cases involving non compliance.

Two recent cases illustrate how close appellate counsel came to having his appeal quashed. In *Commonwealth v. Taylor,* 306 Pa.Super. 1, 451 A.2d 1360 (1982) the case was submitted on brief without oral argument as in this case. The appeal was quashed for failure to meet the requirements of the Rules of Appellate Procedure in several respects and we stated at 306 Pa.Superior Ct. 2, 3, 451 A.2d 1360, 1361:

> The court will not meticulously examine each brief which comes before us with the express intent of suppressing those which contain minor defects or omissions which are correctable through less drastic means. *However, where gross deviations from the appellate rules, which substantially impair our ability to exercise the power of review, are present, we will not hesitate to suppress the party's brief and quash the appeal.* (Emphasis Added.)

In *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982), the appeal was quashed under Pa.R.A.P. 2101 as the defects in the appellant's brief were substantial and the brief was so defective as to preclude effective appellate review. We pointed out at 299 Pa.Super. 67, 445 A.2d 150:

> *We decline to become appellant's counsel.* When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. (Emphasis Added.)

We have reviewed the numerous issues raised by appellant in a separate Memorandum Opinion to be filed today and none of them warrant a new trial.

Judgment of sentence affirmed.