519 A.2d 1010

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel J. JORASKIE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1986.

Filed Jan. 9, 1987.

98

Michael D. Suders, Assistant Public Defender, Milton, for appellant.

Before WIEAND, OLSZEWSKI and CERCONE, JJ.

WIEAND, Judge:

The issue in this appeal is whether a revocation of parole can be based solely on an unproved urinalysis report suggesting the presence of cannabinoids (marijuana) in the urine of the parolee. The trial court allowed the unproved report to be received and, without further evidence, revoked appellant's parole. We reverse.

After entering pleas of guilty to two counts of writing bad checks and one count of forgery, Daniel Joraskie was sentenced to serve concurrent terms of imprisonment for not less than six months nor more than twenty-three months. Joraskie was released on parole on July 22, 1985. On March 25, 1986, a petition to revoke parole was filed, and a hearing thereon was held on April 3, 1986. Joraskie's parole officer testified to obtaining a sample of Joraskie's urine and then produced a urinalysis report prepared by the

Regional Clinical Laboratory of Northwestern Pennsylvania. The chemist or other person who had made the analysis and prepared the report did not appear in person or by deposition. The written report, showing the presence of cannabinoids, was received in evidence over objection by Joraskie's counsel. Joraskie testified in defense and denied that he had used marijuana during the period of his parole. The hearing court, on this state of the record, revoked parole and ordered that Joraskie be re-committed to prison. Joraskie appealed.

In *Commonwealth v. Maye*, 270 Pa.Super. 406, 411 A.2d 783 (1979), a panel of this Court, per the late Judge Price, reviewed the applicable law and summarized it as follows:

> A parole revocation hearing is not a formal procedure that must be conducted in strict accordance with the entire gamut of evidentiary and procedural rules necessary in a criminal trial. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973); *Commonwealth v. Rossetti*, 255 Pa.Super. 524, 388 A.2d 1090 (1973); *Commonwealth v. Tomczak*, 252 Pa.Super. 114, 381 A.2d 140 (1977); *Commonwealth v. Quinlan*, 251 Pa.Super. 428, 380 A.2d 854 (1977). Nonetheless such a hearing must comport with certain minimum due process standards enunciated by the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Among these requirements is the "right [of the probationer] to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); . . . ." *Id.* at 489, 92 S.Ct. at 2604. We have noted the necessity for this type of confrontation on several previous occasions. See *Commonwealth v. Rossetti, supra; Commonwealth v. Riley*, 253 Pa.Super. 260, 384 A.2d 1333 (1978); *Commonwealth v. Ball*, 235 Pa.Super. 581, 344 A.2d 675 (1975); *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975).

*Id.*, 270 Pa.Superior Ct. at 410, 411 A.2d at 785.

Although this Court has not heretofore been asked to review the precise issue presented by the instant appeal, the

same issue was presented to the Commonwealth Court in *Whitmore v. Pennsylvania Board of Probation and Parole,* 94 Pa.Cmwlth. 569, 504 A.2d 401 (1986). There, the Board of Probation and Parole had revoked parole based, inter alia, on a urinalysis report showing that a urine sample had been positive for methadone, quinine and morphine. The Commonwealth Court held: (1) that the admission of the report as a business record was error and (2) that, in the absence of "good cause" for not requiring confrontation, the presence of the person making the urinalysis and preparing the report was essential.

We agree with the Commonwealth Court. The urinalysis report in the instant case was not properly received as a business record. It was an extrajudicial statement offered to show the truth of the statement that marijuana had been found in appellant's urine. As such, it was hearsay. See: *Commonwealth v. Rounds,* 356 Pa.Super. 317, 320, 514 A.2d 630, 632 (1986).

Hearsay evidence is subject to exclusion primarily because the declarant, who is not present in court, cannot be subjected to cross-examination. *McCormick on Evidence,* § 245 (3d ed. 1984). "Although the right of cross-examination is not absolute and although hearsay evidence may be received upon proof of exceptional circumstances ... [disclosing recognized indicia of reliability], cross-examination is particularly important where it is the only means for testing the reliability of an opinion regarding disputed facts." *Ganster v. Western Pennsylvania Water Co.,* 349 Pa.Super. 561, 573, 504 A.2d 186, 192 (1985) (citation omitted).

We hold, therefore, that in the absence of good cause sufficient to abridge a defendant's rights of confrontation and cross-examination, an order revoking parole may not rest solely on inadmissible hearsay evidence. See: *Commonwealth v. Riley,* 253 Pa.Super. 260, 384 A.2d 1333 (1978); *Grello v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole,* 83 Pa.Cmwlth. 252, 477 A.2d 45 (1984). In the instant case, the urinalysis

report was not admissible as an exception to the hearsay exclusionary rule; and there was no good cause for abridging appellant's right to confront the witnesses against him. To receive the report in evidence, therefore, was error. To revoke appellant's parole solely on the basis of inadmissible hearsay evidence was to deprive appellant of his dual rights of confrontation and cross-examination.

Reversed and remanded for further proceedings consistent with this opinion.