527 A.2d 559

**COMMONWEALTH of Pennsylvania**

v.

**Barbra HAWTHORNE, Appellant.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Barbra HAWTHORNE a/k/a Barbara Hawthorne.**

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed May 27, 1987.

126

Moira Dunworth, Philadelphia, for appellant (at 3129) and appellee (at 3288).

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellant (at 3288) and appellee (at 3129).

Before MONTEMURO, POPOVICH and WATKINS, JJ.

POPOVICH, Judge: *

This case involves cross-appeals by Barbara Hawthorne (No. 3129 Philadelphia 1984) and the Commonwealth of Pennsylvania (No. 3288 Philadelphia 1984) from the judgment of sentence entered for voluntary manslaughter and possessing an instrument of crime. We affirm in part and quash in part.

The facts necessary to resolve the present appeal begin with Barbara Hawthorne's conviction, following a bench trial, of the stabbing death of her fiance.

* This case was re-assigned to this writer on March 16, 1987.

A motion for a new trial and in arrest of judgment was filed challenging the verdict as contrary to the weight of the evidence and the law. Also, the Commonwealth's cross-examination of the appellant and the limitation of her own direct examination by the trial court were argued as error. None was persuasive and a sentence of two to four years imprisonment was imposed for voluntary manslaughter while a term of one to two years incarceration was issued for the possession of a weapon conviction. See Pa.R. Crim.P. 1406(a) (Sentences to be deemed to run concurrently unless the judge states otherwise).

Six days after sentencing, the Commonwealth was granted a hearing on its motion to modify the sentence; that portion of the motion seeking a vacation of the sentence pending the hearing was excised and in its place was written the date the proceeding was to be conducted (November 19, 1984).

The question posited was: Whether the deadly weapon enhancement statute was applicable to the case. The trial court considered it to be a "significant" question, but it refrained from hearing argument on the matter because the appellant/Barbara Hawthorne had filed an appeal on the same date (November 14, 1984) that the Commonwealth's reconsideration motion was granted. Thus, it thought that the Commonwealth had to file a praecipe in Superior Court, pursuant to Pa.R.App.P. 1701, to vacate Hawthorne's appeal and to perfect subject matter jurisdiction in the trial court to hear argument on the sentencing issue.

No praecipe was ever filed. Instead, on December 10, 1984, the Commonwealth submitted a Notice of Appeal with the proper authorities questioning the judgment of sentence (under 42 Pa.C.S. § 9781).

The Commonwealth's efforts to have the case remanded to allow the trial court the opportunity to reconsider the motion to modify sentence became entangled with and secondary to this Court's belief that the Commonwealth's appeal was untimely and, accordingly, we quashed. On a Petition for Reconsideration, this Court granted the re-

quest, reinstated the Commonwealth's cross-appeal at No. 3228 Philadelphia 1984 and we directed the parties, in their briefs, to address the issue of the timeliness of the Commonwealth's appeal under Pa.R.App.P. 903(b) and 42 Pa. C.S. § 5571(f).

■ We shall first respond to the appellant's assertions that the verdict was against the weight of the law and the evidence. These claims, being identical to those raised in her post-verdict motion, are boiler-plate in nature and preserve no issue for our review regarding the sufficiency of the evidence. See *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983) (en banc).

As for the remaining contentions of the appellant, attributing the trial court with the commission of error in permitting the Commonwealth latitude in cross-examining her as to an alleged prior stabbing incident and curtailing her own testimony regarding being physically abused by her former husband to establish her state of mind at the time of the stabbing, the record has been thoroughly reviewed and the claims raised are found to be meritless.

■ For example, as for the argument that the trial court erred in permitting the Commonwealth to question the appellant with regard to a prior stabbing involving her ex-husband a year prior to the incident involved here, "the scope of such cross-examination is largely within the discretion of the trial judge, and an abuse of discretion is not ground for reversal unless it results in an apparent injury." *Commonwealth v. Ransom,* 240 Pa.Super. 92, 96, 360 A.2d 721, 723 (1976).

Instantly, the subject of the appellant's former husband stabbing and punching *her* was broached on direct examination by defense counsel. Thus, the door was open for the prosecution to ask whether the appellant stabbed her former husband during the time when he allegedly struck her. Cf. *Commonwealth v. Tumminello,* 292 Pa.Super. 381, 437 A.2d 435 (1981). Even if, arguendo, the cross-examination were error, it was harmless in light of the overwhelming

130

evidence of the appellant admitting to the stabbing death of the victim. See *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

As for limiting the appellant's recitation of the facts regarding the alleged physical abuse by her former husband, the record discloses that it was defense counsel, and not the trial court, who terminated the questioning on this subject, and it was done without the lodging of any objection to its continuation by the prosecution. (See N.T. 135–146) Thus, we find that the appellant's ability to expound on this topic was unfettered. The appellant's claim to the contrary is unsupported by the record.

The next issue to be examined relates to the timeliness of the Commonwealth's appeal.

The Commonwealth's December 10, 1984 Notice of Appeal was timely since the 30 days within which it had to appeal from the November 8, 1984 judgment of sentence fell on a Saturday, i.e., December 8. Therefore, the Commonwealth had until the next business day (Monday, December 10) to file and still be within the statutory period. See 1 Pa.C.S. § 1908. Since no time-table was violated, the Commonwealth's appeal is held to have been properly perfected for review.[1]

1. We would point out that the trial court's belief that it was the responsibility of the Commonwealth to file a praecipe with Superior Court to remand the appeal to resolve the sentencing question is flawed, and make mention of it to clarify an area of confusion.

As this Court has had occasion to speak on this precise issue, we are not without guidance. See *Commonwealth v. Corson*, 298 Pa.Super. 51, 444 A.2d 170 (1982), wherein we observed that a trial court's setting a hearing date to hear a defendant's motion to modify sentence was not sufficient to toll the running of the 30–day appeal period within which review of a judgment of sentence must be taken to secure appellate assessment. Rather, the defendant was advised to file, simultaneously with a motion for modification, a notice of appeal in case modification was not granted. This way, a right to appeal would not be lost because of waiver.

Further, we mentioned the existence of a distinction between Pa.R. App.P. 1701 and Pa.R.Crim.P. 1410; to-wit:

We note that pursuant to Pa.R.App.P. 1701, unlike Pa.R.Crim.P. 1410, the lower court's granting of a reconsideration motion tolls the appeal period, in addition to rendering inoperative a notice of

The last issue we will examine relates to the applicability of the weapon enhancement section of the Sentencing Guidelines to the case at bar.

This issue is raised by the Commonwealth and assails the discretionary aspect of the sentence imposed, i.e., the sentencing court's conclusion that the Deadly Weapon Enhancement proviso (204 Pa.Code § 303.4) is ineffectual with regard to multiple offenses arising out of a single incident.

Our Supreme Court had occasion recently to speak on the procedural requirements which need to be satisfied in order to secure appellate review of the discretionary aspect of a sentence in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

> appeal filed concerning the order for which reconsideration has been granted. *See Penjerdel Refrigeration Corp., Inc. v. R.A.C.S., Inc.,* [296] Pa.Super. [62], 442 A.2d 296 (1982).
>
> In order to cause a notice of appeal from a judgment of sentence to be rendered inoperative under Rule 1410, the lower court, which also considers a motion to modify the sentence, *is required to vacate the sentence within thirty days of the date judgment is entered.* Otherwise, the lower court loses jurisdiction over the matter. See *Comment* to Pa.R.Crim.P. 1410.
>
> 298 Pa.Super. at 55 n. 2, 444 A.2d at 172 n. 2 (Emphasis in original); see also *Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342 (1984). Our objective in making the aforementioned observation was to acknowledge *the role of the trial court* in retaining or re-securing jurisdiction over a case.
>
> By vacating the judgment of sentence, the notice of appeal filed by the appellant would have been rendered nugatory, and the time for filing any subsequent appeal (be it by a defendant or the Commonwealth) would "begin to run anew from the date of the decision on the motion, even if the decision ultimately amounts to a reimposition of the prior sentence." Comment to Rule 1410.
>
> To make the matter clear, it was not the responsibility of the Commonwealth to file a praecipe with the appellate court to reacquire jurisdiction in the absence of an order of court vacating the judgment of sentence.
>
> The mere vacation of the sentence by the court below would have been sufficient to toll the running of the limitation period, and this would have afforded the aggrieved party a new time-table against which to measure the timeliness of any later appeal.
>
> Because the trial court misinformed the Commonwealth as to its role in the appellate process, we cannot fault the Commonwealth for failure to file a praecipe (in advance of a vacation order by the trial court) to freeze the appeal. See generally *Commonwealth v. Thomas*, 301 Pa.Super. 333, 447 A.2d 994 (1982).

In *Tuladziecki,* the defendant was found guilty of various drug offenses but only sentenced for one of them to five years probation. This Court heard the Commonwealth's appeal from the sentence issued and concluded that it was unreasonable and outside the Sentencing Guidelines. *Commonwealth v. Tuladziecki,* (No. 00627 Pittsburgh 1984) (Popovich, J. dissenting), 346 Pa.Super. 636, 499 A.2d 402. On appeal to the Supreme Court by the defendant, allowance of appeal was granted to examine the procedure by which the Commonwealth obtained Superior Court review of Tuladziecki's sentence.

Because the Commonwealth's appeal to the Supreme Court was from the discretionary aspect of the sentence, the Rules of Appellate Procedure, in particular Rule 902 and the Note accompanying it, were looked to by the Supreme Court, in conjunction with Rules 2116(b) and 2119(f), in tracking the Commonwealth's adherence to procedural requirements as a *sine qua non* to obtaining appellate review.

Although the Commonwealth, in accordance with Rule 2116(b), listed in its brief to Superior Court at page 3 a section denominated "Statement Of The Questions Involved", assailing the discretionary aspect of the sentence as unreasonable and being outside the Sentencing Guidelines, it failed to comply with the requirement in Rule 2119(f) that "[a]n appellant ... shall set forth in his[/its] brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."

This Court's refusal to accept the defendant's argument that the Commonwealth was required to set down in a *separate section* of its brief reasons why its appeal should be granted was not endorsed by the Supreme Court, and it stated its rationale thusly:

It must first be observed that our rules make a careful distinction between "questions relating to the discretionary aspects of the sentence" and "the issue whether the appellate court should exercise its discretion to reach

such question." Pa.R.A.P. 2116. Recognizing this distinction, the language from the Note to Pa.R.A.P. 902 ... speaks only to the fact that the appellant is to supply his brief, with argument on the merits of the question, at the same time as he provides his concise statement of the reasons relied upon for allowance of appeal. It does not and cannot obviate the need for such a statement. 513 Pa. at 512, 522 A.2d at 19.

The Majority in *Tuladziecki* would appear to require the party (be it the Commonwealth or a defendant) appealing the discretionary aspects of a sentence to set forth "at some point" in his brief (preferably, immediately preceding the argument on the merits) reasons ("statement") why an appeal should be granted. This is consistent with the treatment by the Rules of Appellate Procedure of one's Notice of Appeal as a "petition for allowance of appeal" under the Sentencing Code (see Note to Pa.R.App.P. 902 and 42 Pa.C.S. § 9781(b)), which, in effect, defers the formal submission of a petition for allowance of appeal until the briefing stage. *Tuladziecki*, supra.

Once at the briefing stage, given *Tuladziecki's* view that a "Notice" is the equivalent of a "Petition", we deem it advisable to look to Pa.R.App.P. 1115 for some direction as to the form and content one's brief should take in perfecting an appeal from the discretionary aspects of a sentence. For example, Pa.R.App.P. 1115 requires that the petitioner list various items of information, one of which is a "concise statement of the reasons relied upon for allowance of an appeal." Rule 1115(a)(5). The order in which it is to be included in the petition (which, instantly, would be one's brief) is recommended, insofar as practicable, to be in the sequence which appears in the Rule. This has been interpreted by the Supreme Court as requiring the presentment and examination of such a statement of reasons "at some point" in this procedural maze, but always "prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence[.]" 513 Pa. at 513, 522 A.2d at 19.

■ There can be no substitution for this "concise statement of reasons" by referring to the argument section of one's brief, as appears to have occurred by the Superior Court panel in *Tuladziecki* and made mention of by Justice Larsen in footnote 2 of his dissent. To do so, according to the Majority in *Tuladziecki,* would be to permit an appellate court "to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists." 513 Pa. at 513, 522 A.2d at 19. Thus, an assessment of the merits of the issue(s) must be preceded by a demonstration by the appellant that a "substantial question" exists in the case on appeal.

It is quite evident, from the remaining discussion in *Tuladziecki,* that the Supreme Court acknowledges the broad discretion vested in the trial court by the Legislature to impose a sentence, and "only where a party can articulate reasons why a particular sentence raises doubts that th[e Sentencing Code] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." 513 Pa. at 515, 522 A.2d at 20. Accordingly, we are not to overturn a trial court's sentence without a "substantial question" first being established by an appellant in his brief to us.

At bar, our examination of the Commonwealth's brief discloses that it is flawed in the same manner that our Supreme Court concluded that the Commonwealth's brief was deficient in *Tuladziecki,* supra.

Both briefs contain the following relevant sections:

1) Statement of Jurisdiction;
2) Statement of Questions Involved;
3) Statement of the Case;
4) Summary of the Argument; and
5) Argument.

(See Commonwealth's Brief in *Tuladziecki* at pages 3–8; Commonwealth's Brief in *Hawthorne* at pages 1–5)

At first blush, there would appear to be a fatal variance between *Tuladziecki* and the case before us. In the for-

mer, the defendant specifically objected to the Commonwealth's appeal as being procedurally deficient for failing to set forth in its brief, by "special and important reasons to obtain the [Superior] Court approval", that a "substantial question that the sentence [was] not appropriate under the Sentencing Guidelines" existed. (See Commonwealth's Brief in *Tuladziecki* at page 4) Our Supreme Court made note of this fact as preserving Tuladziecki's challenge to the procedural shortcomings. No such claim is made by Hawthorne in her brief to us.

■ Nonetheless, under *Tuladziecki,* read in its entirety, it becomes quite evident that Superior Court is not merely to close its eyes to the failings of the Commonwealth in regard to an appeal filed pursuant to 42 Pa.C.S. § 9781(b), since the invocation of this Court's jurisdiction is at stake and is not to be obtained by the perfection of an appeal and the submission of an accompanying brief where there is a blatant deviation from the *accepted* rules regulating appellate review. To do otherwise, as stated by our Supreme Court, would be to enlarge the appeal rights of a party not contemplated by the rules of court. "For this reason it is essential that the rules of procedure governing appeals such as [from the discretionary aspects of a sentence] *be followed precisely."* 513 Pa. at 513, 522 A.2d at 17 (Emphasis added).

In light of the unequivocal terms in which the Supreme Court views compliance with our Rules of Appellate Procedure, in this area of discretionary appeals ("precise" adherence is to be the benchmark and not the exception), we deem the Commonwealth's failure to provide *anywhere* in its brief a "concise statement of reasons" for contesting the discretionary aspect of the sentence to be fatal to its appeal.[2]

The fact that the defendant did not raise specifically the matter in her brief is overridden by this Court's obligation

---

**2.** We in no way wish to imply, given the manner in which we dispose of this case, that we approve or disapprove of the way in which the trial court dealt with the case below.

to assure itself that our rules of court are followed. See, e.g., *Commonwealth v. Drew*, 353 Pa.Super. 632, 510 A.2d 1244 (1986); *Commonwealth v. Stoppie*, 337 Pa.Super. 235, 486 A.2d 994 (1985); *Commonwealth v. Jones*, 329 Pa.Super. 20, 477 A.2d 882 (1984); *Commonwealth v. Taylor*, 306 Pa.Super. 1, 451 A.2d 1360 (1982). Such policing of an appellant's brief is now re-enforced by the remarks and ruling of the Court in *Tuladziecki*, supra.

For the reasons herein stated, the appeal of Barbra Hawthorne at No. 3129 Philadelphia 1984 is affirmed. As for the appeal of the Commonwealth at No. 3288 Philadelphia 1984, we quash.