530 A.2d 900

**COMMONWEALTH of Pennsylvania**

v.

**Woodrow J. ZEITLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1987.

Filed Aug. 27, 1987.

Peter B. Foster, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com.

Before BECK, KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for violations of conditions of probation. Appellant contends that the lower court erred in (1) admitting testimony that violated the physician-patient privilege; (2) failing to state on the record its reasons for the sentence imposed; (3) finding that the Commonwealth had met its burden of proof that he had violated the terms of his probation; and (4) admitting hearsay evidence. For the reasons that follow we order appellant to supplement his brief to address our Supreme Court's decision in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

On February 12, 1986, appellant was sentenced to a probationary term of twenty-three months. Conditions of probation included regular visits with a psychiatrist and the taking of certain prescribed medications. On August 25,

1986, the lower court conducted a revocation of probation hearing. At the conclusion of the hearing, appellant's probation was revoked and he was sentenced to one-and-one-half-to-seven-years incarceration. Appellant filed a timely petition to modify sentence which was denied by the lower court. This appeal followed.

Three of appellant's contentions raise challenges to the imposition of sentence. Before we can examine claims challenging the discretionary aspects of a sentence, we must first determine whether there is a "substantial question that the sentence imposed is not appropriate...." 42 Pa.C.S.A. § 9781(b). It has been the practice of this Court to make this determination based upon an evaluation of the substantive argument advanced by appellant in the brief. *See Commonwealth v. Easterling,* 353 Pa.Superior Ct. 84, 509 A.2d 345 (1986); *Commonwealth v. Dixon,* 344 Pa.Superior Ct. 293, 496 A.2d 802 (1985); *Commonwealth v. Drumgoole,* 341 Pa.Superior Ct. 468, 491 A.2d 1352 (1985); *Commonwealth v. Nixon,* 311 Pa.Superior Ct. 450, 457 A.2d 972 (1983); *Commonwealth v. Love,* 295 Pa.Superior Ct. 276, 441 A.2d 1230 (1982). Our Supreme Court has recently disapproved of this practice, holding that an appellant must set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence imposed. *Commonwealth v. Tuladziecki, supra,* 513 Pa. at 511–12, 522 A.2d at 19 (citing Pa.R.A.P. 2119(f)). The purpose of such a separate section is to provide this Court with adequate information upon which to base our decision to exercise, or decline to exercise, our discretion to consider claims of this nature.

Mindful of our duty to liberally construe the Rules of Appellate Procedure "to secure the just, speedy and inexpensive determination of every matter to which they are applicable", we order appellant to supplement his brief to address the concerns expressed in *Tuladziecki. See* Pa.R.A.P. 105. Such a supplement will ensure more effective appellate review, allow us to make a knowledgeable deter-

mination as to whether we should exercise our discretion in this matter, and curtail the needless plethora of ineffective assistance claims. The supplement shall be concise, and must be filed within thirty days of the date of this opinion.

Jurisdiction is retained.

KELLY, J., filed a concurring opinion.

BECK, J., filed a dissenting opinion.

KELLY, Judge, concurring:

I join Judge Hoffman's well-reasoned opinion. I write separately to express additional concerns pertaining to Pa. R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

## I.

There currently exists considerable uncertainty as to the effect of the failure to file a brief, concise statement of reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(b), as required by Pa.R.A.P. 2119(f). As recent opinions of this Court clearly demonstrate, *Commonwealth v. Tuladziecki, supra,* is suspectible of varied interpretations.[1] Further clarification of the *Tuladziecki* decision is clearly required; additionally, review of this overly complicated procedure by the Criminal Procedure Rules Committee would appear to be more than appropriate. Nevertheless, until *Tuladziecki* is clarified or the rule is revised, it is incumbent upon this Court to construe, apply, and enforce the rule as it now exists and is understood.

In the cases cited (*see* note 1), there appears to be some question as to whether the requirement of the separate,

---

1. *Commonwealth v. Osborne*, 364 Pa.Super. 505, 528 A.2d 623 (1987); *Commonwealth v. Lapcevich*, 364 Pa.Super. 151, 527 A.2d 572 (1987) (per Tamilia; Rowley, J., joining; Del Sole, J., concurring); *Commonwealth v. Muller*, 364 Pa.Super. 346, 528 A.2d 191 (1987); *Commonwealth v. Rhoades*, 364 Pa.Super. 54, 527 A.2d 148 (1987); *Commonwealth v. Bogden*, 364 Pa.Super. 300, 528 A.2d 168 (1987); *Commonwealth v. Hawthorne*, 364 Pa.Super. 129, 527 A.2d 559 (1987); *Commonwealth v. Thomas*, 363 Pa.Super. 348, 526 A.2d 380 (1987); *Commonwealth v. Grove*, 363 Pa.Super. 328, 526 A.2d 369 (1987).

concise statement of reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(b) required by Pa.R.A.P. 2119(f) is jurisdictional or procedural in nature. *Compare Commonwealth v. Hawthorne, supra, and Commonwealth v. Lapcevich, supra* (Del Sole, J., concurring). The distinction, however, may be more one of semantics rather than of substance.

Because timely notice of appeal acts as an initial petition for allowance of appeal in such cases, at least provisional jurisdiction is thereby acquired. *See* Pa.R.A.P. 902 & Note. However, as *Commonwealth v. Hawthorne, supra,* demonstrates, the failure to comply with Pa.R.A.P. 2119(f), has a substantive effect in that without at least "substantial compliance" with Pa.R.A.P. 2119(f) (*see Commonwealth v. Lapcevich, supra; Commonwealth v. Bogden, supra* ), the appellant/petitioner will be unable to meet his burden to establish the appearance of a substantial question regarding the appropriateness of the sentence imposed. *See* 42 Pa.C.S.A. § 9781(b).

While an opponent can certainly waive a procedural defect such as this, this Court is clearly not at liberty to ignore the defect and proceed to review of the merits of the claim. This Court stated in *Commonwealth v. Hawthorne, supra:*

> In light of the unequivocal terms in which the Supreme Court views compliance with our Rules of Appellate Procedure, in this area of discretionary appeals ('precise' adherence is to be the benchmark and not the exception), we deem the Commonwealth's failure to provide *anywhere* in its brief a 'concise statement of reasons' for contesting the discretionary aspect of the sentence to be fatal to its appeal.

> The fact that the defendant did not raise specifically the matter in her brief is overridden by this Court's obligation to assure itself that our rules of court are followed. *See e.g., Commonwealth v. Drew,* 353 Pa.Super. 632, 510 A.2d 1244 (1986); *Commonwealth v. Stoppie,* 337 Pa.Super. 235, 486 A.2d 994 (1984); *Commonwealth*

*v. Jones,* 329 Pa.Super. 20, 477 A.2d 882 (1984); *Commonwealth v. Taylor,* 306 Pa.Super. 1, 451 A.2d 1360 (1982). Such policing of an appellant's brief is now re-enforced by the remarks and ruling of the Court in *Tuladziecki,* supra.

527 A.2d at 564 (footnote omitted).

Under such analysis, a petition for allowance of appeal of discretionary aspects of sentence may be quashed, dismissed, or denied based upon the existence of a substantial procedural defect. *See* Pa.R.A.P. 902; Pa.R.A.P. 2101. Nonetheless, whether the petition for allowance of appeal is quashed based upon a jurisdictional defect, or it is quashed, dismissed, or denied based upon a substantial procedural defect, the effect on an appellant is the same—appellant is denied review of the merits of his challenges to the discretionary aspects of the sentence imposed based solely upon the failure of counsel to comply with Pa.R.A.P. 2119(f).

I find the *Hawthorne* analysis compelling up to the point that it concludes that the appeal from the discretionary aspects of sentence must be quashed. It is at that point, I believe, that Judge Hoffman's suggestion—that we simply enforce the rule and direct compliance with Pa.R.A.P. 2119(f)—carries the weight of reason.

## II.

Judge Hoffman bases the instant order upon "our duty to liberally construe the Rules of Appellate Procedure 'to secure the just, speedy, and inexpensive determination of every matter to which they are applicable....' " *Supra* at 901. He indicates that the supplement ordered will "allow us to make a knowledgeable determination as to whether we should exercise our discretion in this matter, and curtail a needless plethora of ineffective assistance claims." *Supra* at 901. I agree, and would add to his analysis as follows.

Heretofore, this Court had uniformly granted allowance of appeal, and a review of the merits of an appeal challenging the discretionary aspects of sentence, when the sen-

tence imposed was outside the guidelines, upon a finding that appellant's *argument* raised a substantial question as to the reasonableness of the sentence. *See Commonwealth v. Tuladziecki, supra,* 522 A.2d at 22 (Larsen, J., dissenting) (citing cases); *see also Commonwealth v. Porkorney,* 360 Pa.Super. 384, 387, 520 A.2d 511, 512 (1987). Where, as here, an appellant may have relied upon previous appellate decisions interpreting a procedural rule, it would be inequitable to dispose of the appeal based upon a new interpretation of the rule without extending to appellant an opportunity to correct any omission which may have been caused by reasonable reliance upon our former practice.

Moreover, this Court has generally exercised great forbearance in exercising its discretionary powers under Pa.R. A.P. 902 and Pa.R.A.P. 2101 to quash briefs and dismiss appeals. Only on a few occasions, in extreme cases, and with great reluctance has this Court ordered criminal appeals quashed because of counsel's failure to comply with rules of appellate procedure. *See Commonwealth v. Drew,* 353 Pa.Super. 632, 633, 510 A.2d 1244, 1245 (1986) (citing cases); *Commonwealth v. Jones,* 329 Pa.Super. 20, 477 A.2d 882 (1984); *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982).

In *Commonwealth v. Taylor,* 306 Pa.Super. 1, 451 A.2d 1360 (1982), we explained:

> The Court will not meticulously examine each brief which comes before us with the express intent of suppressing those which contain minor defects *or omissions which are correctable through less drastic means.* However, where gross deviations from the appellate rules, which substantially impair our ability to exercise the power of review, are present, we will not hesitate to suppress the party's brief and quash the appeal.

451 A.2d at 1361. (Emphasis added). Clearly, the omission in the instant case is "correctable through less drastic means."

Furthermore, it is important to note that the question of whether to quash, dismiss, or deny allowance of a criminal

appeal based upon counsel's procedural errors involves constitutional questions which may not lightly be dismissed, and policy considerations which cannot be ignored. When this Court exercises its discretionary authority to quash, dismiss, or deny allowance of appeal based upon procedural defects, it places the entire burden of counsel's errors upon the appellant rather than the offending counsel. In appeals by the Commonwealth, the government's right to challenge an allegedly inappropriate sentence is irretrievably lost. In appeals by a defendant, such an order delays review and merely paves the way for the defendant to file a PCHA petition on the basis of counsel's ineffectiveness with respect to the procedural errors. These are results which should be avoided when possible.

Certainly, this Court must enforce the Pennsylvania Rules of Appellate Procedure. In *Commonwealth v. Stoppie*, 337 Pa.Super. 235, 236–37, 486 A.2d 994, 995 (1984), this Court noted "a trend in which appellate counsel ignore our appellate rules concerning the preparation of briefs." *See also Commonwealth v. Bell*, 328 Pa.Super. 35, 41, 476 A.2d 439, 443 (1984); *Commonwealth v. Casner*, 315 Pa.Super. 12, 17 n. 2, 461 A.2d 324, 326 n. 2 (1983); *Commonwealth v. Rose*, 265 Pa.Super. 159, 166 n. 6, 401 A.2d 1148, 1152 n. 6 (1979). If this Court merely issues toothless admonitions to counsel, this Court will no doubt continue to suffer more such violations in the years to come.

However, the extreme sanctions of quashing, dismissing, or denying allowance of appeal are not the only responses available to this Court. In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the United States Supreme Court noted the existence of appropriate alternative responses when it stated:

To the extent that a State believes its procedural rules are in jeopardy, numerous courses remain open. For example, *a State may certainly enforce a vital procedural rule by imposing sanctions against the attorney rather than against the client.* Such a course may well be more effective than the alternative of refusing to

decide the merits of an appeal and will reduce the possibility that a defendant who was powerless to obey the rules will serve a term in jail on an unlawful conviction [or sentence].

469 U.S. at 399, 105 S.Ct. at 837. I agree; *when feasible,* the offending counsel rather than the powerless client should bear any penalty for counsel's violation of procedural rules.

I would affirm our statement in *Commonwealth v. Taylor, supra,* that "the Court will not meticulously examine each brief which comes before us with the express intent of suppressing those which contain minor defects or omissions...." 451 A.2d at 1361. Where defects are in fact minor, no action by this Court is necessary. *Cf. Commonwealth v. Muller, supra.*

When a brief contains substantial defects which command the attention of the Court, but which may be corrected by less drastic means than quashing, dismissing or denying allowance of appeal, the Court may enter appropriate orders directing counsel to bring the brief into compliance with the rules. Such orders may, of course, be enforced by the Court's general contempt powers. *Commonwealth v. Marcone,* 487 Pa. 572, 410 A.2d 759 (1980) (power to punish for contempt is inherent in the Court and incidental to the grant of judicial power under the Pennsylvania Constitution); *Hopkinson v. Hopkinson,* 323 Pa.Super. 404, 411, 470 A.2d 981, 985 (1984) (same); *accord Ex Parte Robinson,* 19 Wall. 505, 22 L.Ed. 205 (1873) (same constitution of the grant of judicial power under the federal constitution).

When a brief submitted to the Court is at such variance with the rules as to substantially impair the Court's power of review, and where reasonable, less drastic measures do not exist to correct the defects, the brief will be quashed and the appeal dismissed. *See Commonwealth v. Drew, supra; Commonwealth v. Sanford, supra.* Though the burden on appellant is regrettable, this Court cannot act as both court and counsel.

## III.

Finally, I note that I do not perceive either Judge Hoffman's opinion or this concurrence to have set forth a mandatory rule whereby disposition of all cases involving challenges to the discretionary aspects of sentence must be held in abeyance pending counsel's compliance with an order to supplement appellant's brief. The rule regarding substantial compliance set forth in *Commonwealth v. Bogden, supra,* and followed in *Commonwealth v. Lapcevich, supra,* is unaffected. Moreover, where success on the merits of the challenge to discretionary aspects of sentence is clearly precluded by waiver of the contention raised, I see no reason for delay in disposing of the challenge on that basis. Similarly, patent frivolity may be a reason to deny allowance of appeal without requiring compliance with Pa. R.A.P. 2119(f). The emphasis in *Commonwealth v. Tuladziecki, supra,* is on the requirement of precise compliance with the procedural rules before *granting* allowance of appeal. The same precision would not seem to be necessary to a disposition *denying* allowance of appeal based upon the waiver or the frivolity of the challenge asserted; nor would it appear that the reasons for directing compliance outlined herein would apply to such cases.

## CONCLUSION

For the foregoing reasons, I join in Judge Hoffman's order and opinion which directs counsel to supplement appellant's brief with the separate concise statement of reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(b) required by Pa.R.A.P. 2119(f).

BECK, Judge, dissenting:

I respectfully dissent from the majority's decision to order appellant to supplement his brief. I would hold that the requirements of P.R.App.P. 2119(f) are procedural, not jurisdictional. Because the rule is procedural, a failure to include in appellant's brief a separate section, stating why an appeal should be allowed, can be waived. In the instant

case, the Commonwealth has not objected to or preserved for consideration the failure of the appellant to comply with Pa.R.App.P. 2119(f). Therefore, appellee has waived the procedural defect in appellant's brief. It is this failure to preserve the issue which distinguishes this appeal from the decision of the Supreme Court in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

Because the procedural defect in appellant's brief has not been preserved, we can proceed to determine for ourselves whether "there is a substantial question that the sentence imposed is not appropriate." Appellant raises three contentions challenging the imposition of sentence. Having reviewed the record, I would find these contentions do not raise a substantial issue regarding the proper exercise of discretion by the trial court. However, appellant raises one non-sentencing issue which I would consider. He contends that the trial court erred in admitting prejudicial hearsay testimony. Although I would find error, I would not find the error prejudicial.

A parolee is entitled to minimum due process rights in a revocation hearing. *Morissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), *Commonwealth v. Joraskie*, 360 Pa.Super. 97, 519 A.2d 1010 (1987), *Commonwealth v. Kavanaugh*, 334 Pa.Super. 151, 482 A.2d 1128 (1984). One of the minimal due process requirements is the right to confront and cross-examine adverse witnesses unless the trial court specifically finds good cause for not allowing confrontation. *Id.* Where a parolee objects to offered hearsay evidence, the evidence may only be admitted upon a specific finding on the record of good cause not to allow confrontation and cross-examination. *See Jefferson v. Commonwealth, Pennsylvania Bd. of Probation*, 95 Pa.Cmwlth. 560, 506 A.2d 495 (1986). In the case *sub judice,* the trial court admitted testimony concerning criminal complaints made by appellant's wife against him that were later dismissed. N.T. at 19–20. Additionally, police officers were permitted to testify about various incidents involving appellant that did not ultimately result in criminal

charges. *Id.* at 22–24. The trial court also admitted testimony from appellant's neighbor regarding appellant's behavior. *Id.* at 70. Appellant objected to the aforesaid hearsay. Since the trial court made no specific finding of good cause, it erred in admitting the hearsay. However, the trial court did note that it did not rely upon this hearsay in making its decision. *Id.* at 70, Trial Court Opinion at 2. The court specifically stated that it based its decision solely upon the testimony of the psychiatrist and of the appellant regarding appellant's failure to comply with the health care and medication conditions of the probation. *Id.* I would therefore hold that the error resulted in no prejudice to appellant.

For the above-stated reasons, I would affirm the judgment of sentence.