543 A.2d 1232

**COMMONWEALTH of Pennsylvania**

v.

**Charles CARR, Appellant (Two Cases).**

Superior Court of Pennsylvania.

Argued Feb. 3, 1988.

Filed June 28, 1988.

170

Samuel C. Stretton, West Chester, for appellant.

Deborah Fleisher, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BECK, KELLY and JOHNSON, JJ.

KELLY, Judge:

Appellant, Charles Carr, appeals from judgment of sentence entered following acceptance of a *nolo contendere* plea to charges of corruption of the morals of a minor and

involuntary deviate sexual intercourse relating to the sodomization of appellant's five year old grandson. Appellant contends that the trial court erred in failing to grant his motion to withdraw his plea. Appellant also seeks review of the discretionary aspects of sentence.

I.

■ Upon review of the record, the briefs of the parties and the opinion of the learned trial court, we find no merit in appellant's contention that the trial court abused its discretion in denying appellant's eleventh hour petition to withdraw his plea.

When a defendant moves to withdraw his plea prior to sentence, he need only show a fair and just reason for the withdrawal and a lack of substantial prejudice to the Commonwealth. *See Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984). After sentencing, a defendant must show manifest injustice in order to be permitted to withdraw his plea. *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984). At the outset of the sentencing hearing on March 11, 1987, appellant moved to withdraw his plea. (N.T. 3/11/87 at 2). As sentence had not been imposed, we find that the pre-sentence standard applies.

■ While a written motion must be filed within 10 days to challenge the *denial* of a motion to withdraw a plea, Pa.R.Crim.P. 321(a), a written motion is not a prerequisite to a valid exercise of the trial court's discretion to permit or direct the withdrawal of a plea under Pa.R.Crim.P. 320. *See e.g. Commonwealth v. Whittall*, 304 Pa.Super. 258, 450 A.2d 669 (1982) (plea withdrawn following an assertion of innocence by the defendant despite the absence of a written motion). *See also* Pa.R.Crim.P. 9020 (all motions must be made in writing except, *inter alia*, when made in open court during a trial or hearing). Consequently, we do not adopt the trial court's alternate reasoning that the post-sentencing standard for withdrawing a guilty plea must be applied because a formal written motion to withdraw the plea was not filed until after sentence was imposed. Though not

filed prior to sentencing, appellant's motion was nonetheless made in open court prior to sentence and as such must be reviewed under the pre-sentencing standard.

As "just cause" to withdraw his plea, appellant alleged that he was not competent to make the plea at the time it was entered. He presented expert testimony in support of that claim. However, the trial court rejected the testimony of the appellant and his expert based upon the thorough plea colloquy, the erroneous assumptions upon which appellant's expert's testimony was based, and the contrary expert opinion in the psychiatric report requested by the trial court. *See* Trial Court Opinion 9/22/87 at 6. The trial court's factual finding that appellant was competent to enter the plea is supported by the record; consequently, we find no abuse of discretion in the denial of the motion to withdraw the plea based on appellant's failure to demonstrate "just cause" for withdrawal.

Moreover, the trial court's finding that the Commonwealth would have been substantially prejudiced by withdrawal of the plea is also supported by the record. Whether intentional or not, the delays occasioned by the plea and subsequent motions for continuances by appellant resulted in a shift in family sympathies from the child victim to appellant. Though undoubtedly available in a technical sense, the reluctance of family members to testify in a way which would cause the incarceration of appellant is evident, and would have significantly impaired the prosecution of this case. Moreover, the eight month delay would undoubtedly have dulled the five year old child victim's recall of events, even in the absence of the subtle influences resulting from the intra-familial nature of the assault. Thus, substantial prejudice was present.

Applying the pre-sentencing standard for withdrawal of a plea, either of the trial court's findings would mandate denial of the motion to withdraw the plea; consequently, we find no abuse of discretion. *See Commonwealth v. Anthony,* 504 Pa. 551, 475 A.2d 1303 (1984); *Commonwealth v. Dorian,* 314 Pa.Super. 244, 248, 460 A.2d 1121, 1123 (1983),

*aff'd* 503 Pa. 116, 468 A.2d 1091 (1983). Thus, appellant's first contention is found to be without merit.

## II.

■ We deny allowance of appeal as to appellant's challenge to the discretionary aspects of sentence. Rather than presenting a substantial question as to the appropriateness of the sentence imposed considering the Sentencing Code as a whole, appellant merely asks this Court to substitute our assessment of the weight to be accorded to sentencing factors for that of the trial court. This we will not do absent extraordinary circumstances, which are not present here. *See Commonwealth v. Moran,* 369 Pa.Super. 109, 111, 534 A.2d 1103, 1104 (1987).

## III.

■ Appellant argues in support of the above claim that a sentence of two to four years imprisonment (to be followed by three years probation), considering his age and health, constitutes unconstitutional cruel and unusual punishment. This argument raises a challenge to the legality of the sentence which may be brought as of right, rather than a challenge to the discretionary aspects of sentence for which allowance of appeal is required. *See Commonwealth v. Howard,* 373 Pa.Super. 246, 247–248, 540 A.2d 960, 960–961 (1988).

In the instant case, although appellant properly raised in his motion to modify sentence a separate challenge to the legality of the sentence asserting that the circumstances of his age and health rendered the sentence of imprisonment unconstitutional cruel and unusual punishment, he failed to set forth this challenge separately in his statement of questions presented or in the argument section of his brief. Pa.R.A.P. 2116; Pa.R.A.P. 2119. Instead, he incorporated his challenge to the legality of the sentence into his general challenge to the discretionary aspects of sentence asserting that the trial court abused its discretion by imposing an excessive sentence. (*See* Appellant's Brief at 3, 16–18).

Though those distinct claims should have been raised in separate statements of questions presented and developed in separate argument sections, we do not find that the briefing error in any way impairs our ability to exercise the power of review, and so we elect, in our discretion, to address the merits of the claim.*

■ Our decision to address the merits of this claim will be of little solace to appellant; we find the claim to be wholly meritless.

Appellant does not contend that a sentence of two to four years imprisonment is *per se* cruel and unusual punishment or even that such a sentence is disproportionate to the harm occasioned by the crimes of which he is convicted. Rather, appellant presents the rather novel argument that the sentence is *unconstitutional* (rather than merely an abuse of discretion) because the trial court rejected an alternative probationary scheme proposed by appellant which appellant argues would have protected the community while better accommodating appellant's special mental health needs. We reject this argument. We note that appellant has not established, and indeed does not even allege, that mental health services available within the Pennsylvania prison system cannot adequately meet appellant's alleged special mental health needs.

■ While it is the judiciary's function to impose sentence, it is the legislature's function to enact criminal laws, define the elements of crimes, and set the punishments

---

* In *Commonwealth v. Taylor*, 306 Pa.Super. 1, 451 A.2d 1360 (1982), we explained:

> The Court will not meticulously examine each brief which comes before us with the express intent of suppressing those which contain minor defects or omissions which are correctable through less drastic means. However, where gross deviations from the appellate rules, *which substantially impair our ability to exercise the power of review*, are present, we will not hesitate to suppress the party's brief and quash the appeal.

451 A.2d at 1361. (Emphasis added). *See also Commonwealth v. Zeitlen*, 366 Pa.Super. 78, 84–85, 530 A.2d 900, 903–04 (1987) (Kelly, J., concurring) (discussing appropriate responses to different types of violations of the briefing rules).

imposable for criminal conduct. *See Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), *aff'd sub nom. McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). A punishment authorized by a legislature violates the proscription against cruel and unusual punishment only if it is so disproportionate to an offense as to offend evolving standards of decency or a balanced sense of justice. *Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A.2d 937 (1982), *cert. denied* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). Appellant has not cited and we do not find any authority for the novel theory of unconstitutionality propounded here; we are emphatically of the opinion that the "least restrictive means" type analysis, implicit in appellant's argument, has no place in the review of cruel and unusual punishment claims.

Furthermore, it is appellant's conduct and not the sentence of the trial court which offends well-established standards of decency. The record demonstrates that the trial court gave full consideration to each of the mitigating factors presented by appellant; and, despite the extremely serious nature of the offense and the presence of a prior conviction for the same offense, the trial court nevertheless sentenced appellant *below* the applicable recommended mitigated minimum range of the sentencing guidelines. We find no constitutional violation. *Cf. Commonwealth v. Howard, supra* (the convict's rehabilitative needs are not the sole focus of an inquiry into whether punishment is so excessive as to constitute cruel and unusual punishment; the gravity of the offense and the protection of the community must also be considered).

## CONCLUSION

Based upon the foregoing, judgment of sentence is affirmed, allowance of appeal of discretionary aspects of sentence is denied.