GLD-301                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2939
_____

PAUL A. STOPPIE,
                                        Appellant

v.

JUSTICES OF THE SUPREME COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 11-cv-01194)
District Judge:  Honorable Malcolm Muir

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed: October 13, 2011 )
_____

OPINION
_____

PER CURIAM

        Paul Stoppie, a Pennsylvania prisoner, appeals from the District Court's order

denying his petition for writ of mandamus.  Because the appeal does not present a

substantial question, we will summarily affirm.  See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

1

Stoppie was convicted of first-degree murder in the Court of Common Pleas, Schuylkill County, in 1982, and was sentenced to life imprisonment. He unsuccessfully appealed that sentence. See Commonwealth v. Stoppie, 486 A.2d 994 (Pa. Super. Ct. 1984). In January 2011, he sought in the Supreme Court of Pennsylvania a writ of mandamus ordering that his original judgment of sentence be properly entered.

In June 2011, the Supreme Court had not yet ruled on Stoppie's petition, and he filed in the District Court a second petition for writ of mandamus to compel the Pennsylvania Supreme Court to rule on his state petition. Alternatively, he asked that the District Court grant the relief requested in his state court mandamus petition. The District Court dismissed the federal mandamus petition for lack of jurisdiction, and Stoppie timely appealed that decision.

Under the All Writs Act, Congress conferred jurisdiction on the district courts to issue writs of mandamus "in aid of" their jurisdiction. 28 U.S.C. § 1651(a). The District Court's jurisdiction in a mandamus action extends only to officers, employees, or agencies of the United States. See 28 U.S.C. § 1361. As the District Court correctly concluded, it lacked authority to order either the Pennsylvania Supreme Court or the Court of Common Pleas to take action because those judicial bodies and their members are state, not federal, actors.[1] See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963); see also White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (holding that a district court "lacked jurisdiction to direct a state court to perform its duty").

---

[1] In any event, we note that the Pennsylvania Supreme Court denied Stoppie's mandamus petition in August 2011. See Appellant's Addendum, 8.

Stoppie's argument that the District Court could have issued a writ of mandamus pursuant to its exercise of pendent jurisdiction is without merit.

Accordingly, we will summarily affirm.