J-A19030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

A.S-M.

Appellant

v.

J.M.

Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2096 WDA 2014

Appeal from the Order December 11, 2014
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD13-007341-008

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:            **FILED AUGUST 21, 2015**

Appellant A.S-M. ("Mother") appeals from the order entered in the Allegheny County Court of Common Pleas, which denied her petition to relocate and granted Appellee J.M. ("Father") primary physical custody of the parties' 15-year old child ("Child") if Mother decided to move to Florida. We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> The parties married in 1996 and have two daughters.  The oldest [daughter], Carissa, now emancipated, attends college in Florida; she is essentially estranged from Father. The marriage was often troubled. The parties ultimately separated in April of 2013, and Mother filed for divorce on June 28, 2013. At trial, Mother had primary custody [of Child].  Father exercises partial custody, as per his employment schedule as an airline pilot.  On August 1,

2013, Father filed for shared custody and on August 22, 2013, Mother answered and requested primary custody.

The marital home has been sold. Father lives with paternal grandmother and Mother lives in her parent's home.[1] Maternal grandparents spend half the year in Fort Myers, Florida. Mother does not work but receives a regular significant income from her father's company.

\* \* \*

[Mother] petitioned to relocate with [Child], to Florida. [Father] objected and filed a petition for primary custody. A two-day hearing was held [on] November 14 and 25, 2014, after which [the trial court] entered an order denying Mother's petition. [The] order left Child in Mother's primary custody should she stay in Allegheny County. Only if Mother chose to move to Florida, was primary custody awarded to Father.

Trial Court 1925(a) Opinion ("Opinion"), dated January 29, 2015, at 2-3.

On December 29, 2014, Mother timely filed a notice of appeal and a concise statement of errors complained of upon appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

Mother raises the following issues for our review:

1. DID THE TRIAL COURT ABUSE [ITS] DISCRETION IN DENYING [MOTHER'S] REQUEST TO RELOCATE [CHILD] TO TARPON SPRINGS, FLORIDA?

---

[1] Mother's parents have a home in Allegheny County, where Mother has resided since the parties sold their marital home. Also, Mother's parents recently purchased a $470,00.00 home for Mother in Tarpon Springs, Florida.

2. DID THE TRIAL COURT ABUSE ITS DISCRETION IN NOT PROVIDING SUFFICIENT WEIGHT TO THE WELL-REASONED PREFERENCE OF [CHILD]?

Mother's Brief at 3.

Before we address the merits of Mother's claims, we must decide whether to quash this appeal based on Mother's flagrant disregard for the Pennsylvania Rules of Appellate Procedure.

The Pennsylvania Rules of Appellate Procedure provide, in relevant part:

**Rule 2101. Conformance with Requirements**

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

**Rule 2135. Length of Briefs**

**(a)** Unless otherwise ordered by an appellate court:
(1) A principal brief shall not exceed 14,000 words and a reply brief shall not exceed 7,000 words, except as stated in subparagraphs (a)(2)-(4). A party shall file a certificate of compliance with the word count limit if the principal brief is longer than 30 pages or the reply brief is longer than 15 pages when prepared on a word processor or typewriter.

Pa.R.A.P. 2135.

We observe:

> [W]here gross deviations from the appellate rules, which substantially impair our ability to exercise the power of review, are present, we will not hesitate to suppress the party's brief and quash the appeal.

***Commonwealth v. Taylor***, 451 A.2d 1360, 1361 (Pa.Super.1982).

Presently, Mother has flagrantly disregarded the Pennsylvania Rules of Appellate Procedure by filing a 120 page brief. Although Mother's brief fails to conform with Pa.R.A.P. 2135 and we could quash this appeal, in the interest of justice, because our ability to review Mother's claims is not substantially impaired, we will address the merits.[2]

In her first issue, Mother argues the court demonstrated partiality, prejudice and bias in denying her relocation petition. She claims the court wholly disregarded most of the evidence that was favorable to her, including Father's anger issues, Child's expressed preference to be with Mother, the "fabulous" school in Florida, the possibility of Mother going to nursing school in Florida, and the fact that Mother already bought a house in Florida. Mother concludes the trial court abused its discretion in denying her relocation petition. We disagree.

Our scope and standard of review of a custody order are as follows:

---

[2] This entire appeal could be quashed as a sanction for failing to conform with the Rules of Appellate Procedure Appellate, and counsel should be careful in the future not to play fast and loose with these rules. Further, appellate counsel should note that it would be more instructive to this Court to cite to findings in the record instead of listing the findings repetitively in his brief.

- 4 -

[T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it…. However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination.... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

\*    \*    \*

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses. The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa.Super.2014) (quoting *R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa.Super.2009)).

Section 5328 provides an enumerated list of sixteen factors a trial court must consider in determining the best interests of a child when awarding any form of custody:

### § 5328. Factors to consider when awarding custody

   **(a) Factors**.—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

- 5 -

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by

another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).[3]

Additionally,

When deciding a petition to modify custody, a court must conduct a thorough analysis of the best interests of the child based on the relevant Section 5328(a) factors. All of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order.

* * *

Section 5323(d) provides that a trial court shall delineate the reasons for its decision on the record in open court or in a written opinion or order. Additionally, section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal. Section 5323(d) applies to cases involving custody….

In expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those

_____

[3] Effective January 1, 2014, the statute was amended to include an additional factor at 23 Pa.C.S. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services).

considerations. A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d).

*A.V., supra* at 822-23 (internal citations and quotation marks omitted).

Before granting a petition for relocation, the court considers the following factors:

> **(h) Relocation factors.--**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:
>
> (1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.
>
> (2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.
>
> (3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.
>
> (4) The child's preference, taking into consideration the age and maturity of the child.
>
> (5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.
>
> (6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

23 Pa.C.S. § 5337.

Section 5337 also alters the legal standards that a trial court must consider when ruling on a request to relocate. Under prior practice, trial courts considered relocation requests based upon the three-factor test set forth in ***Gruber v. Gruber***, 583 A.2d 434, 439 ([Pa.Super.]1990). Under the Child Custody Act, however, trial courts must consider the ten factors listed in subsection 5337(h). In particular, while the ***Gruber*** test required consideration generally of the "potential advantages of the proposed move and the likelihood that the move would substantially improve the quality of life for the custodial parent and the children," ***Gruber***, 583 A.2d at 439, subsection 5337(h) sets forth a number of specific factors intended to isolate and focus this important inquiry.

***E.D. v. M.P.***, 33 A.3d 73, 79-80 (Pa.Super.2011) (footnote omitted).

Presently, the court's December 11, 2014 order[4] properly considered all relocation factors before denying Mother's petition to relocate. ***See***

_____

[4] The order was filed on December 15, 2014.

- 9 -

December 11 2014 order at 2-5[5] (finding: (1) although Child spent majority of time with Mother since divorce, Father has been significant presence in Child's life; Mother has means to exercise custody without relocating; sibling is in college and would not be residing with Child upon relocation, (2) Child currently doing well with school, friends and activities; move would cause disruptions; although school in Florida may be nice, little evidence presented as to why change would be better; both parents care for Child's emotional needs and want to be part of her life, (3) move would significantly impact time Father and Child spend together; Child and Father need regular weekly contact to maintain and improve relationship, (4) Child expressed desire to travel with Mother to Florida; although it was clear Child wished to remain in primary custody of Mother, it was not clear she wanted to move to Florida; Child seemed to mimic Mother's wishes, (5) both parties exposed Child to high levels of stress and involved Child in fight between each other, (6) Mother was unable to credibly describe how life would be enhanced by move other than proximity to other child and boyfriend, (7) Mother did not demonstrate move would enhance quality of life; Mother could not demonstrate how any possible enhancement would offset damage the move would have on Child's relationship with Father, (8) Mother desires to relocate to avoid Father and start anew but is not financially motivated by move;

---

[5] Page numbers supplied by this Court.

Father's opposition to relocation is motivated by desire to maintain relationship with Child, and (9) nothing indicated any significant abuse).

The court denied relocation and ordered:

> If Mother chooses to remain in Allegheny County, the current Order providing her with primary custody remains unchanged. Should Mother relocate without [Child], Father is awarded primary custody. In reaching this decision, I first note that a minimal degree of cooperation between the parents must be possible before equally shared child custody could be appropriate. If Mother chooses to stay, [Child's] time with her Father shall remain the same and, hopefully, gradually increase over time. In making this determination, the [c]ourt has specifically reviewed the factors set forth in 23 Pa.C.S. 5328…

December 11 2014 Order at 5. The court then analyzed all of the custody factors of Section 5328 to determine that Father will get custody if Mother chooses to relocate. *See* December 11 2014 Order at 5-7 (finding: (1) both parties unnecessarily involved Child in disputes, but Father more likely than Mother to encourage contact between Child and other parent, (2) abuse factor is inapplicable, (3) Mother has been primary caregiver, but Father desires to take on duties and needs opportunity to enhance parenting skills, (4) remaining in Allegheny County would create stability for Child, (5) both parents have extended family in Pittsburgh and Mother's family spends considerable time in Florida, (6) although sister attends college in Florida, both parties can bring sisters together, (7) Child prefers to be with Mother, but preference has been reinforced by animosity between parties, (8) neither parent has purposely tried to turn Child against other parent, but

both communicate disdain toward other parent, which is troubling and harmful to Child, (9) by focusing on animosity, both parties have detracted from time and energy available to devote to Child's needs, (10) both parties are more than capable of maintaining loving, stable, and nurturing relationship with Child and providing appropriate care, (11) parties live in close proximity so long as Mother does not relocate; if Mother relocates, it will be her responsibility to travel to Allegheny County to exercise custody, (12) Mother is more consistently available for Child as she is not employed and would maintain primary custody if she stays in Allegheny County, (13) both parents have been unwilling to cooperate with one another and are in need of counseling, (14) remaining factors regarding substance abuse and mental and physical impairment are inapplicable).[6]

The trial court's factual conclusions are reasonable in view of its factual findings. Thus, we see no abuse of discretion in its decision to deny Mother's relocation petition.

In her second issue, Mother argues Child expressed a strong preference to live with Mother and the court abused its discretion in not giving sufficient weight to the well-reasoned preference of Child. Again, we disagree.

_____

[6] Mother contends Father has mental health issues as evidenced by his attending therapy sessions for his anger and so that he can interact better with Child. The trial court did not hold Father's therapy against him and thought both parents could benefit from counseling.

As discussed previously, the court considered the preference of Child, along with all enumerated factors before making its relocation and custody determinations and explained those reasons as required. ***See A.V., supra.*** The court found that Child's statements were often not well-reasoned but mirrored Mother's statements and that Child expressed a desire to live with Mother, but not to move to Florida. We find the trial court's factual conclusions regarding Child's preference reasonable and see no abuse of discretion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015