J-S11026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIQUE LEE MOFFATT | : | |
| | : | |
| Appellant | : | No. 997 WDA 2016 |

Appeal from the Judgment of Sentence January 27, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000046-2014

BEFORE: OLSON, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.: **FILED APRIL 12, 2017**

Appellant, Dominique Lee Moffatt, appeals from the judgment of sentence of an aggregate ten to twenty years of incarceration, imposed January 27, 2015, following a two-day jury trial resulting in his conviction for robbery, criminal conspiracy, terroristic threats, two counts of recklessly endangering another person, and receiving stolen property.[1] We affirm.

The relevant facts and procedural history are as follows. This appeal arises from an armed robbery that occurred around 7:00 p.m. on October 5, 2013, at Barbato's restaurant and pizzeria. *See* Notes of Testimony (N.T.),

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S. §§ 3701(a)(1)(ii), 903(a), 2706(a)(1), 2705, and 3925(a).

11/10/2014, at 22-27. Barbato's deliveryman, Raymond Breter, left the restaurant to make a delivery. *Id.* at 49. Upon his departure, the deliveryman saw a black man with a skinny face and long beard looking in through the restaurant window then enter a silver Ford Contour driven by a black woman. *See id.* at 55, 69.

Not long after, a customer saw three black men standing outside on the corner while on her way into Barbato's to pick-up an order. *See id.* at 38-39. Within a minute, two black males instigated an armed robbery inside the store. *See id.* at 24. Security camera footage showed the first man wearing a blue sweatshirt with a hoodie tied up around his face and a blue bandanna. *See id.* at 25. The second man was wearing a grey sweatshirt and was looking out the door. *See id.* Both men were wearing latex gloves. *See id.* at 75-76. The first man pushed the customer up against the counter and held a gun to her head. *See id.* at 38-42. As the store clerk walked out of the kitchen, the robbers demanded that the clerk give them all of the money from the cash register. *See id.* at 24-25. However, the robbers ultimately took the entire cash register, along with the cash inside, when they fled. *See id.* at 26. One gunshot was fired as they ran out the door. *See id.* The store clerk immediately called 911. *See id.* According to the customer, the two men robbing the store were two of the same men she saw standing outside before she walked in. *See id.* at 39.

The deliveryman returned within twenty minutes of his departure and

learned that the robbery had occurred. *See id.* at 50. The deliveryman said he could identify the person he saw looking into the window before he left, and police presented him with a photo lineup. *See id.* at 79. The deliveryman identified Michael Toran, Appellant's co-defendant. *See id.* at 50, 52, 55, 69 79. Thereafter, police obtained a warrant to arrest Mr. Toran. *See id.* at 80.

On October 9, 2013, officers approached Mr. Toran in an unmarked patrol vehicle, exited the vehicle in uniform, and identified themselves as police. N.T., 11/12/2014, at 36-37. Mr. Toran ran away from them on foot. *See id.* at 37. During the chase, Mr. Toran climbed over a fence and dropped a .22 revolver and camouflage bandanna on the ground. *See* N.T., 11/10/2014, at 88, 101; N.T., 11/12/2014, at 38. Mr. Toran was arrested a short distance away from the evidence. *See* N.T., 11/12/2014, at 38. Mr. Toran did not admit to being involved in the robbery; however, his statement to the detective implicated Eric Atkins, Appellant's other co-defendant. *See* N.T., 11/10/2015, at 86-88. Mr. Toran did not implicate Appellant. *See id.* at 104.

Around October 10, 2013, police interviewed Mr. Atkins. *See id.* at 90. At the first meeting, Mr. Atkins denied participating in the robbery. *See id.* Mr. Atkins was arrested on October 14, 2015. *See id.* at 53. On October 15, 2013, police had a second meeting with Mr. Atkins, at which point in time he admitted to being involved with the robbery. *See* N.T.,

11/12/2014, at 17. He told investigators that three individuals were involved, and his video-recorded statement was played for the jury at Appellant's trial. *See id.* at 18. Mr. Atkins told police that Mr. Toran was the one who ran out of Barbato's with the cash register and identified Appellant as the other robber whose gun discharged in the parking lot. *See id.* N.T., 11/12/2014, at 46-47. Mr. Atkins told officers exactly where they could find the stolen cash register. *See id.* at 47. After meeting with police, Mr. Atkins pleaded guilty to conspiracy to commit robbery and received a sentence of 36-72 months. *See id.* at 7. As part of his plea, Mr. Atkins signed a statement confessing guilt to conspiracy to commit robbery with Michael Toran and Appellant. *See id.* at 12, 14-15. Mr. Atkins again implicated the other co-defendants under oath at a preliminary hearing. *See id.* at 31.

At trial, Mr. Atkins recanted his prior colloquy and statements implicating Appellant, saying that he was "coached" and "high" at the time he signed the guilty plea. *See id.* at 18, 20, 27, 30, 31-35. The trial court gave the jury the task of determining the credibility of his testimony. *See id.* at 76.

Following trial, a jury found Appellant and his co-defendant Mr. Toran guilty of all charges. Appellant was sentenced as described above. In October 2015, Appellant *pro se* filed a PCRA petition, and counsel was appointed. Thereafter, Appellant filed a counseled, supplemental motion in

support of his PCRA petition requesting reinstatement of his right to file a post-sentence motion *nunc pro tunc* and to file an appeal from the judgment of sentence *nunc pro tunc* based on ineffective assistance of counsel. In April 2016, the PCRA court granted Appellant relief.

In May 2016, PCRA counsel timely filed a motion for new trial, challenging the weight and sufficiency of the evidence. Appellant's post-sentence motion was denied on June 2, 2016. Appellant timely filed a notice of appeal and court-ordered 1925(b) statement. The court filed a responsive opinion.

On appeal, Appellant raises the following issues:

1. Whether the evidence was sufficient to convict Appellant?

2. Whether Appellant's convictions were against the weight of the evidence?

Appellant's Br. at 2.

In his first issue, Appellant purports to challenge the sufficiency of the evidence presented at trial. The trial court found Appellant's sufficiency claim waived because he did not properly preserve it in his 1925(b) statement. *See* Trial Ct. Op., 9/12/2016, at 2. We agree.

As this Court observed in *Commonwealth v. Freeman*, 128 A.3d 1231, 1247 (Pa. Super. 2015):

> The Pennsylvania Supreme Court has explained that Rule 1925 is a crucial component of the appellate process, which "is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. When an appellant fails adequately to identify in a concise manner the issues sought

to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Commonwealth v. Freeman*, 128 A.3d 1231, 1247 (Pa. Super. 2015) (internal citations and quotation marks omitted).

"If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007).

[W]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006) (extending waiver doctrine developed in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)). As such, concise statements "which are so vague as to prevent the court from identifying the issue to be raised on appeal" are "the functional equivalent of no Consise Statement at all." *Lineberger*, 894 A.2d at 148 (citation omitted).

In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Freeman*, 128 A.3d 1231, 1247 (Pa. Super. 2015) (internal citations and quotation marks omitted).

Here, Appellant's 1925(b) statement simply declared, in boilerplate fashion, that the evidence was insufficient. **See** Appellant's 1925(b) Statement, 8/9/2016. Failure to specify which of his convictions "upon which the evidence was insufficient" or discuss any of the elements of those offenses renders Appellant's sufficiency of the evidence claim waived on appeal. *Tyack*, 128 A.3d at 261 (quoting *Williams*, 959 A.2d at 1257). Accordingly, Appellant's sufficiency claim is waived.

Second, Appellant contends that his convictions were against the weight of the evidence. Appellant's concise statement stated: "[t]he guilty verdicts were against the weight of the evidence in that the paucity of evidence and consequently the verdicts were so contrary to the evidence in its totality as to shock the judicial conscience." Appellant's 1925(b) Statement, 8/9/2016.[2] The trial court did not address Appellant's weight of the evidence issue on the basis that the 1925(b) statement was unduly vague and "failed to offer specific reasons why the verdicts were contrary to the weight of the evidence." **See** TCO at 3. We are constrained to agree.

Appellant's vague concise statement inhibited the trial court's ability to

---

[2] We also note that Appellant's post-sentence motion preserving this issue was equally vague and did not put the court on notice of the claim to be addressed. **See** Appellant's Post-Sentence Motion, 5/31/2016.

prepare a legal analysis to the issues to be raised on appeal. ***See Reeves***, 907 A.2d at 2 (citing ***Commonwealth v. Lemon***, 804 A.2d 34, 37 (Pa. Super. 2002) (statements in Rule 1925(b) that "the verdict of the jury was against the evidence," "the verdict of the jury was against the weight of the evidence," and "the verdict was against the law" were too vague to permit adequate review); ***Commonwealth v. Seibert***, 799 A.2d 54 (Pa. Super. 2002) (Rule 1925(b) statement that "the verdict of the jury was against the weight of the credible evidence as to all of the charges" was too vague to permit appellate review)). Because Appellant's vague concise statement has hampered appellate review, his weight of the evidence claim is also waived. ***Lineberger***, 894 A.2d at 148.

Furthermore, we note that Appellant's brief is woefully inadequate. Specifically, Appellant failed to provide a factual background of the case in his statement of the case. ***See*** Pa.R.A.P. 2111(a)(5), 2117. Moreover, Appellant failed to properly summarize his arguments to this Court. ***See*** Appellant's Br. at 3 (baldly restating the issues presented); Pa.R.A.P. 2111(a)(6), 2118. It is well-established that

> appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***; ***Commonwealth v. Lyons***, 833 A.2d 245 (Pa. Super. 2003).

***In re Ullman***, 995 A.2d 1207, 1211–12 (Pa. Super. 2010). ***See Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005)

(laying out the standard forms that appellate briefs shall follow); **see also** Pa.R.A.P. 2111(a)(1)-(11); Pa.R.A.P. 2114-2119 (specifying in greater detail the material to be included in briefs on appeal).

In addition,

> [t]he Rules of Appellate Procedure require that appellants adequately develop each issue raised with a discussion of pertinent facts and pertinent authority. **See** Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. **Commonwealth v. Mulholland**, 702 A.2d 1027, 1034 n. 5 (Pa. 1997).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014).

Here, Appellant failed to properly develop his sufficiency of the evidence argument. "In order to develop a claim challenging the sufficiency of the evidence properly, an appellant must specifically discuss the elements of the crime and identify those which he alleges the Commonwealth failed to prove." **Samuel**, 102 A.3d at 1005 (citation omitted).

Moreover, Appellant baldly asserts that the verdict was so contrary to the evidence that it shocks the judicial conscience without actually discussing the evidence whatsoever. **See** Appellant's Br. at 5. It is well established that

> [f]ailure to brief an issue in this manner is to waive it, as such an omission impedes our ability to address the issue on appeal. **Commonwealth v. Taylor**, 451 A.2d 1360, 1361 (Pa. Super. 1982) (holding that the defects in an appellant's brief represented more than mere matters of form, but were instead the complete absence of those material sections of the brief which facilitate appellate review). "We decline to become appellant's counsel. When issues are not properly raised and

developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Drew***, 510 A.2d 1244, 1245 (Pa. Super. 1986) (citing ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982)).

***Commonwealth v. Miller***, 721 A.2d 1121, 1124 (Pa. Super. 1998).

Here, Appellant's brief failed to develop his sufficiency or weight claims in any meaningful way. Such omissions render the brief wholly inadequate. ***See Miller***, ***supra***. Accordingly, we do not reach the merits of the issues presented.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/12/2017</u>