454 A.2d 637

**A.M. SKIER AGENCY, INC.**

v.

**POCONO FUTURES, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1982.

Filed Dec. 30, 1982.

Henry M. Biglan, Hop Bottom, for appellant.

Stephen Bresset, Honesdale, for appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

PER CURIAM:

We are here asked to consider an appeal from the judgment entered in favor of appellee in the amount of $1,800.00, plus interest and costs, as a result of a verdict by a jury after a trial upon the claim of appellee for the commission due it as a real estate broker. We are unable, however, to conduct a meaningful appellate review for a number of reasons but for the very particular reason that the brief of appellant is inadequate. Therefore, we quash the appeal.

While counsel presented oral argument on behalf of appellant, the brief of appellant does not indicate that it is the effort of that counsel but rather that it is the work of the principal of appellant. In any event, the brief is not simply inadequate by reason of any failure of technical compliance. Rather, the brief is essentially defective for the reasons that none of the contentions of appellant are developed, that there is not a single citation of any authority and, while the summary of the argument is composed of twelve lines, the argument portion of the brief itself is less than fourteen lines.

We quash this appeal for the reason that the brief of appellant does not comply with the Pennsylvania Rules of Appellate Procedure. It should also be noted that, in addition, the record which appellant has provided for our examination is also inadequate at the least by reason of the absence of any transcript of the proceedings during which appellant claims error was committed and of the absence of an opinion of the Common Pleas Court.

It should be noted, however, that while we are unable to pursue adequate and meaningful appellate review of the claims of error, the study that can be provided would indicate that the contentions of appellant are totally without merit.

Pennsylvania Rule of Appellate Procedure No. 2101 provides:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly

as the circumstances of the particular case will admit, otherwise they may be suppressed, and *if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed* or dismissed. (emphasis supplied).

*See Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149 (1982).

The Pennsylvania Supreme Court in the opinion of the eminent Justice Robert N.C. Nix, Jr., declared in *Tagnani v. Lew,* 493 Pa. 371, 376, 426 A.2d 595, 597 (1981):

With the the volume and complexities of the matters coming to our judicial system for resolution, it has become imperative that the former paternalistic approach be discarded and a high degree of professionalism insisted upon. Our resources are not unlimited and must be utilized to provide the greatest good to the greatest number. To maximize our efficiency and to maintain and enhance the quality of our dispute resolution process, strict compliance with the procedures designed for issue preservation is essential.

That expression of the reasons for the need of professionalism is certainly applicable to this court as well.

Appeal quashed.