455 A.2d 725

**COMMONWEALTH of Pennsylvania**

v.

**James DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Decided Jan. 28, 1983.

Richard E. Johnson, Philadelphia, for appellant.

David L. DaCosta, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and BECK, JJ.

BROSKY, Judge:

This is an appeal from judgments for First Degree Murder,[1] Aggravated Assault,[2] and Possessing Instruments of a Crime.[3] After a trial without jury and a hearing, post-verdict motions were denied, and appellant received, inter alia, a life term of imprisonment. No issues have been presented properly in appellant's brief. We therefore quash this appeal.

Appellant's rather confusing brief appears to present an argument for insufficiency of evidence. However, it would be improper for us to reach this issue due to severe shortcomings in appellant's brief. Specifically, the brief failed to include a statement of the questions involved.

1. 18 Pa.C.S.A. 2502(a).

2. 18 Pa.C.S.A. 2702.

3. 18 Pa.C.S.A. 907.

Pa.R.A.P. 2111 states in relevant part, "The brief of the appellant ... shall consist of the following matters ... (3) Statement of the questions involved." The importance of this element of appellant's brief is made emphatically clear in Pa.R.A.P. 2116(a). "The statement of the questions involved must state the question or questions... This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."[4] There being no statement of issues in appellant's brief, there are no legal issues properly before us. We therefore have no option but to quash this appeal.

This court has quashed appeals where Rule 2116(a) was not complied with. In *Commonwealth v. Sanford*, 299 Pa.Super. 64 at 66, 445 A.2d 149 at 150 (1982), Judge Wieand quashed an appeal in part because the statement of the questions "identifie(d) no specific ruling of the trial court and define(d) no specific issue for appellate review or determination." See also *Commonwealth v. Miller*, 283 Pa.Super. 411 at 415, 424 A.2d 531 at 533 (1981) (Spaeth, J.).

In addition to the above case law, the Pennsylvania Rules of Appellate Procedure also provide for the quashing of appeals in circumstances such as these: "Briefs ... shall conform in all material respects with the requirements of these rules ... and, if the defects are in the brief ... of the appellant and are substantial, the appeal ... may be quashed or dismissed." Pa.R.A.P. 2101.

Rules 2101, 2111(a)(3), 2116(a) and the cases cited above combine to result in one inescapable conclusion—this appeal must be quashed.

The appeal is quashed.

SPAETH, J., files concurring and dissenting opinion.

---

**4.** The apparent loophole contained in the word "ordinarily" above would appear to refer to matters that can be considered sua sponte by the court, such as jurisdiction.

SPAETH, Judge, concurring and dissenting:

Although appellant's brief contains *no* Statement of Questions Involved, his argument begins with the statement, "The appellant asserts that the evidence produced by the Commonwealth is insufficient as a matter of law, to sustain a finding of first degree murder." Brief for Appellant at 2. I think we should consider that argument on its merits. Having done so, I find it without merit.

The appeal should not be quashed. Instead, the judgment of sentence should be affirmed.