477 A.2d 882

**COMMONWEALTH of Pennsylvania**

v.

**Robert JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 5, 1984.

Filed June 22, 1984.

Leroy Larner, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and CERCONE, JJ.

PER CURIAM:

This is an appeal from an order denying appellant's petition filed pursuant to the Post Conviction Hearing Act. 19 P.S. § 1180–1 *et seq.* (Since reenacted at 42 Pa.C.S.A. § 9541 *et seq.*). We must quash the appeal.

Rule 2101, Pennsylvania Rules of Appellate Procedure requires that briefs *shall* conform with the various appellate rules and if the briefs are substantially defective the reviewing court may quash the appeal. The courts of this Commonwealth have on numerous occasions invoked the punitive measures of Rule 2101. *See Commonwealth v. Davis*, 309 Pa.Superior Ct. 506, 455 A.2d 725 (1983); *A.M. Skier Agency v. Pocono Futures, Inc.*, 308 Pa.Superior Ct. 481, 454 A.2d 637 (1982); *Commonwealth v. Taylor*, 306

Pa.Superior Ct. 1, 451 A.2d 1360 (1982); *Commonwealth v. Sanford*, 299 Pa.Superior Ct. 64, 445 A.2d 149 (1982); *Wicker v. Civil Service Com'n*, 74 Pa.Cmwlth. 548, 460 A.2d 407 (1983).

The brief filed on appellant's behalf is one of the most inadequate attempts at appellate advocacy that the members of this panel have ever had the displeasure of attempting to review. Counsel has garbled the statement of questions involved, and more importantly his "Argument" is void of any substance in law or fact. His four sentence argument, contains no citations, no references to the record, and does not even address the merits of the appeal beyond a bald allegation of ineffectiveness of counsel. We conclude that appellant's brief either ignores or seriously undermines the following Pennsylvania Rules of Appellate Procedure:

2115 (Order or Other Determination in Question);
2116 (Statement of Questions Involved);
2118 (Summary of Argument);
2119(a) (Argument—General rule);
2119(b) (Citations of Authorities);
2119(c) (Reference to record);
2119(d) (Synopsis of evidence); and
2174(b) (Tables of citations).

Appeal quashed.