J-A28013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHRAF A. AWAD | : | |
| | : | |
| Appellant | : | No. 884 MDA 2018 |

Appeal from the Judgment of Sentence May 2, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-SA-0000001-2018

BEFORE:  LAZARUS, J., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:        **FILED: NOVEMBER 5, 2018**

Ashraf A. Awad appeals, *pro se*, from the judgment of sentence entered in the Court of Common Pleas of Berks County.  After our review, we quash this appeal.

Awad was convicted *in absentia* of the summary offense of driving while under suspension in violation of 75 Pa.C.S.A. § 1543(a).  Following a summary appeal and trial *de novo*, the court convicted Awad and sentenced him to pay a fine of $200.00.  On appeal, Awad claims the evidence was insufficient to support the conviction.

We note at the outset that Awad's *pro se* brief is illegible and incomprehensible.  We remind him, as this Court has previously stated:

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.  Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.  This Court may quash or dismiss an appeal if

an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

*Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003) (some citations omitted).

Here, as in *Lyons*, the defects in Awad's brief "are substantial." *Id*. at 252. Awad's Statement of the Question Presented reads: "Was the evidence submitted at trial sufficient?" and continues with, "**Yes** the Defense or the Appeals did have and show evidence submitted to the trial sufficient[.]" Appellant's Brief, at 9 (emphasis added). The statement continues but is unintelligible.

Further, in his Statement of the Case, Awad presents the standard of review for sufficiency of the evidence, in violation of Pa.R.A.P. 2111. Additionally, in the Summary of Argument, he again presents the standard of review, and, in the Argument sections of his brief, he once again presents the standard of review as well as a rambling statement of facts referring to a robbery and a gun that we are unable to relate to the summary offense conviction in this case. It is an appellant's duty to develop arguments and to include pertinent citations in his brief. *See Commonwealth v. Farmer*, 758 A.2d 173, 181 (Pa. Super. 2000); Pa.R.A.P. 2119(a). Awad's argument and citations to case law are either indecipherable, irrelevant, or lack meaningful analysis. In essence, Awad's brief is incoherent. We refuse to develop an argument for him or scour the record in attempt to make sense of his claim. *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007). Even

with the most generous allowances for *pro se* drafting, we are compelled to quash the appeal. ***See Commonwealth v. Drew***, 510 A.2d 1244, 1245-46 (Pa. Super. 1986) (quashing appeal where total inadequacy of the appellant's brief prevented ascertaining whether there was any possible merit to appeal; noting that, "we have not hesitated to quash appeals for substantial noncompliance with these requirements") (collecting cases); ***Commonwealth v. Jones***, 477 A.2d 882 (Pa. Super. 1984) (appeal quashed where brief ignored and seriously undermined the Rules of Appellate Procedure); ***see generally*** Pa.R.A.P. 2101 (briefs shall conform with the requirements set forth in the Rules of Appellate Procedure, or appeal may be quashed).

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/05/2018