J-A10034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF: JEAN GOODWIN, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: LYNN S. NAGELE, EXECUTRIX OF THE ESTATE OF EDWIN J. GOODWIN, DECEASED, NAMED EXECUTOR OF JEAN GOODWIN'S ESTATE | : : : : : : | No. 310 EDA 2020 |

Appeal from the Order Entered December 11, 2019
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s):  2002-X3856

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                      Filed: April 22, 2021

Appellant, Lynn S. Nagele, appeals from the order[1] entered December 11, 2019, confirming the accounting of the estate of Jean Goodwin[2] ("the Estate"), ordering Appellant to file a schedule of distribution, and awarding distribution of payments from the Estate.  After careful review, we are compelled to quash this appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant has filed a companion appeal stemming from the same order at Court of Common Pleas of Montgomery County Orphans' Court Docket Number 2016-X3022, which has been listed in this Court as Docket Number 313 EDA 2020 and Journal Number J-A10035-21.  We will enter a separate decision for that appeal.  Nothing in the instant judgment order shall affect the oral argument already scheduled for this companion case at No. 313 EDA 2020.

[2] "Decedent, Jean Goodwin, died on December 1, 2002, leaving a Will dated February 10, 2000, which was duly probated by the Register of Wills of Montgomery County on December 19, 2002," and an agreement of trust.  Trial Court Opinion, dated December 11, 2019, at 1-2.

Pa.R.A.P. 2101 requires that briefs "**shall**" conform with the various appellate rules, and, if the briefs are substantially defective the reviewing court may quash the appeal. This Court has, on numerous occasions, invoked the punitive measure of Pa.R.A.P. 2101. *See, e.g.*, *Commonwealth v. Drew*, 510 A.2d 1244, 1245-46 (Pa. Super. 1986) (quashing appeal where total inadequacy of the appellant's brief prevented ascertaining whether there was any possible merit to appeal; noting that, "we have not hesitated to quash appeals for substantial noncompliance with these requirements"); *Commonwealth v. Jones*, 477 A.2d 882, 883 (Pa. Super. 1984) (*per curiam*); *Commonwealth v. Davis*, 455 A.2d 725 (Pa. Super. 1983); *A.M. Skier Agency v. Pocono Futures, Inc.*, 454 A.2d 637 (Pa. Super. 1982).

In Appellant's brief, the entirety of the "Argument" section is bereft of citations to any legal authority. Appellant's Brief at 10-13. Additionally, the Argument section includes only one citation to the record, repeated three times, without any further analysis. *Id.* at 11-12.[3] Furthermore, for her first four issues, out of a total of five issues, Appellant provides argument of only two to three sentences. *Id.* at 10-12.

By failing to provide any citations to case law or any other supporting authority for these issues, all of Appellants challenges are thus waived. *Kelly v. Carman Corp.*, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P.

---

[3] Specifically, Appellant states, "Further said acts and transactions were made pursuant to Paragraph EIGHTH: **POWERS OF EXECUTORS AND GUARDIANS OF THE ESTATE A. and C.** (R. 93a)[,]" three times. Appellant's Brief at 11-12 (emphasis in original).

2119(a) (argument shall include citation of authorities); ***e.g.***, ***Commonwealth v. Spotz***, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); ***Lackner v. Glosser***, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention)); ***see also Jones***, 477 A.2d at 883 ("The brief filed on appellant's behalf is one of the most inadequate attempts at appellate advocacy that the members of this panel have ever had the displeasure of attempting to review. . . . [The] 'Argument' is void of any substance in law or fact. His four sentence argument, contains no citations, no references to the record . . . We conclude that appellant's brief either ignores or seriously undermines the . . . Pennsylvania Rules of Appellate Procedure").

Appeal quashed. Oral argument cancelled.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 4/22/21*