J-S03025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN J. HAAG | |
| Appellant | No. 1610 EDA 2014 |

Appeal from the Judgment of Sentence April 8, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001469-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 07, 2015**

Appellant, Stephen J. Haag, appeals from the judgment of sentence entered following his guilty plea to one count of possession of drug paraphernalia and one count of possession of a small amount of marijuana. Haag contends that the sentence imposed by the trial court is excessive, and violates his right against cruel and unusual punishment.  After careful review, we affirm.

In May 2013, Pocono Mountain Regional Police ("PMRP") received a tip from a confidential informant that Haag, a convicted felon, was in possession of a firearm.  A check of departmental records revealed that on April 9, 2013, during a burglary investigation, a PMRP officer had observed a gun in plain view in the bedroom Haag shared with his ex-wife, Carla Dekis.

Further investigation revealed that a handgun matching the description of the one seen during the burglary investigation was registered to Dekis.

PMRP officers obtained a search warrant for the house shared by Haag and Dekis.  Officers found the gun in the bottom drawer of a dresser in the bedroom.  Officers also found two clear baggies containing small amounts of marijuana as well as assorted pipes containing marijuana residue, as well as a grinder.

Haag was charged with possession of a small amount of marijuana, possession of drug paraphernalia, and felony possession of a firearm by a disqualified person.  Haag filed motions seeking a finding of diminished mental capacity, or in the alternative, a jury instruction regarding guilty but mentally ill.  The trial court denied both motions, and on February 3, 2014, Haag pled guilty to the drug-related charges; the firearm charge was dropped.

Haag was subsequently sentenced to 6 to 12 months' imprisonment on the paraphernalia charge, and a concurrent sentence of 15 to 30 days on the marijuana charge.  Haag filed post-sentence motions, which the trial court denied.  This timely appeal followed.

On appeal, Haag raises two issues for our review.  First, Haag argues that the trial court abused its discretion in imposing a sentence in the aggravated range of the sentencing guidelines.   Haag concedes that this claim raises a challenge to the discretionary aspects of the sentence

imposed. *See Commonwealth v. Hornaman*, 920 A.2d 1282, 1284 (Pa. Super. 2007).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Two requirements must be met before we will review this challenge on its merits." *McAfee*, 849 A.2d at 274. "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." *Id*.

"Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id*. That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id*. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts*

underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*.

In the present case, Haag filed post-sentence motions challenging his sentence and his appellate brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of his sentence. Haag argues in his Rule 2119(f) statement that the trial court, in imposing sentence, "focused primarily on the defendant's use of marijuana and the weapons offense charged but to which he did not plead." Appellant's Brief at 7. Even assuming that this claim raises a substantial question, Haag is due no relief.

Our standard when reviewing sentencing matters is as follows.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted).

A sentencing court may consider uncharged criminal conduct of the defendant. ***See Commonwealth v. Shugars***, 895 A.2d 1270, 1278 (Pa. Super. 2006). Thus, to the extent, if any, that the trial court relied upon Haag's possession of a firearm in imposing sentence, such reliance was permissible. Furthermore, the sentencing court is presumed to have

- 4 -

considered all relevant aspects of a defendant's character when a pre-sentence report is available, as was the case here. *See Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). Finally, our review of the sentencing transcript reveals that the sentencing court was primarily concerned with Haag's admission that he did not want to quit his marijuana use. *See* N.T., Sentencing, 4/8/14, at 8. We cannot conclude that the sentencing court's consideration of this circumstance, which reveals a low probability for rehabilitative success and Haag's lack of remorse for committing the crime, constitutes an abuse of discretion. Therefore, no relief is due on this issue.

In his second and final issue, Haag contends that the sentencing court violated his rights by failing to hold a hearing on his claim of cruel and unusual punishment. We note that, despite the presence of this claim in Haag's statement of issues on appeal, the sentencing court has not addressed this issue. We are therefore without the benefit of the reasoning supporting this decision.

However, we need not remand for the preparation of an opinion by the sentencing court, as a review of Haag's motion for reconsideration of his sentence merely alleged generally that the county prison was incapable of administering necessary treatments. The motion did not specifically identify any treatments that are (a) necessary for Haag's health, and (b) unavailable in the county prison. We therefore conclude that the motion did not set

forth a colorable claim that Haag's right against cruel and unusual punishment was at issue. ***See Commonwealth v. Carr***, 543 A.2d 1232, 1235 (Pa. Super. 1988) (claim that prison's mental health treatments were inadequate did not raise a claim that defendant's right against cruel and unusual punishment had been violated). Thus, no hearing was necessary, and Haag is due no relief on this issue.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015