**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCELO OMAR MONZON FIGUEROA | : | |
| | : | |
| Appellant | : | No. 753 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 30, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000997-2023

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED: MAY 9, 2025**

Appellant Marcello Omar Monzon Figueroa appeals from the judgment of sentence imposed after Appellant entered a plea of *nolo contendere* to one count of indecent assault.  On appeal, Appellant challenges the trial court's denial of his pre-sentence motion to withdraw the plea.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history in this matter as follows:

> On October 19, 2022, the Pennsylvania State Police barracks at Carlisle received a Childline referral, informing them than a minor, M.M.,[FN1] had possibly been abused by her father, Appellant.  A forensic interview was scheduled, and then conducted on November 14, 2022.  During that interview, M.M. informed the interviewer that, when she was between 10 and 11 years of age,[FN2] she and her younger sister would occasionally sleep in

---

[*] Former Justice specially assigned to the Superior Court.

the same bed as her parents. Pertinently, M.M. explained that on those occasions, Appellant would sleep next to M.M., and rub his genitals against her buttocks while the pair were in bed together.[FN3]

[FN1] As the child remains under the age of 18 at this time, she will be referred to by her initials to help protect her identity.

[FN2] As charged in the criminal information, that period spanned between July 14, 2017, and July 13, 2019.

[FN3] *See* Notes of Testimony, In Re: No Contest Plea Proceedings, January 11, 2024, at 2.

Following that disclosure, charges were filed against Appellant on March 3, 2023, the criminal information was filed July 10, 2023, and an amended information was filed on November 7, 2023. In the amended criminal information, Appellant was charged with committing the misdemeanor crimes of indecent assault (two counts),[FN4] corruption of minors,[FN5] endangering welfare of children, [FN6] and indecent exposure.[FN7] The case was initially scheduled for a pretrial conference on September 28, 2023 . . . .[FN8] An uncontested defense continuance was then granted by order of court on November 21, 2023, with the next pretrial conference scheduled for January 8, 2024.

[FN4] 18 Pa.C.S. § 3126(a)(1) and 18 Pa.C.S. § 3126(a)(7).

[FN5] 18 Pa.C.S. § 6301(a)(1)(i).

[FN6] 18 Pa.C.S. § 4304(a)(1).

[FN7] 18 Pa.C.S. § 3127(a).

[FN8] *See* Order of Court, In Re: Continuance, filed October [3], 2023.

On January 8, 2024, Appellant appeared in court and entered the *nolo contendere* plea at issue in this case. Specifically, Appellant pled no contest to one count of indecent assault, graded as a misdemeanor of the second degree, in full satisfaction of all remaining charges. In exchange for Appellant admitting that the Commonwealth could prove him guilty beyond a reasonable doubt on that charge, the Commonwealth agreed to recommend a time-served minimum range sentence of incarceration.[FN9] This court accepted Appellant's plea, ordered that he be evaluated by the

Pennsylvania Sexual Offender Assessment Board (hereinafter "SOAB"),[1] and directed that Appellant appear for sentencing in this matter on April 9, 2024.

> [FN9] *See* Nolo Contendere Plea Colloquy & Plea of [Appellant], filed January 12, 2024.

On April 5, 2024, four days before his scheduled sentencing, Appellant's counsel filed a motion to withdraw his plea, presenting to this court for the first time Appellant's claim of innocence, as well as raising a partial alibi defense. This court agreed to hear the motion on April 12, 2024, and continued Appellant's sentencing pending resolution of the motion to withdraw his plea.[FN10] After taking the matter under advisement, on April 18, 2024, this court denied the motion to withdraw [the] plea, and scheduled Appellant to appear for sentencing on April 30, 2024.[FN11]

> [FN10] *See* Order of Court, In Re: Sentencing Continued/Directed to Appear, filed April 11, 2024.

> [FN11] *See* Order of Court, In Re: [Appellant's] Motion to Withdraw Plea, filed April 18, 2024.

Trial Ct. Op., 7/2/24, at 2-4 (some formatting altered).

On April 30, 2024, the trial court sentenced Appellant to a term of one year less a day, to two years less a day, with credit for time served for one count of indecent assault. *See* N.T., 4/30/24, at 9. The trial court also ordered Appellant to comply with the fifteen-year registration requirements for Tier I under the Sex Offender Registration and Notification Act[2] (SORNA).

---

[1] The record reflects that the SOAB completed its assessment and determined that Appellant was not a Sexually Violent Predator. *See* Guideline Sentence Form, 5/29/24.

[2] 42 Pa.C.S. §§ 9799.10 – 9799.75.

*See id.* at 2-7, 9-10. Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

Did the court err by denying Appellant's motion to withdraw plea in having held that the claim was merely a bare assertion of innocence although Appellant proffered an alibi defense; and while it did not reach the issue in its holding, the court would have erred had it determined that the withdrawal was prejudicial to the Commonwealth; in toto, equating an abuse of discretion?

Appellant's Brief at 10 (footnote omitted and formatting altered).

Appellant argues that the trial court abused its discretion in denying his pre-sentence motion to withdraw his plea. *See* Appellant's Brief at 22-25. Appellant contends that his alibi was not implausible, his motion was more than a bare assertion of innocence, and that even if Appellant's alibi defense was only partial in nature, it provided a demonstrable reason for the trial court to grant the motion to withdraw his plea. *See id.* at 26-28, 38.

The Commonwealth responds that the trial court did not abuse its discretion by denying Appellant's pre-sentence motion to withdraw his plea. *See* Commonwealth's Brief at 11. The Commonwealth argues that Appellant's claim of innocence was implausible. *See id.* at 13-15, 19-23. Further, the Commonwealth asserts that Appellant filed his motion to withdraw his *nolo contendere* plea at the "last minute," four days before Appellant's sentencing, failed to explain why his alleged alibi defense could not have been presented sooner and failed to provide evidence in support of his claims, and that the

Commonwealth established that it would be substantially prejudiced if Appellant was permitted to withdraw his plea.[3] ***See id.*** at 19-30.

It is well settled that a criminal defendant "has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." ***Commonwealth v. Muhammad***, 794 A.2d 378, 382 (Pa. Super. 2002) (citation omitted). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).[4] "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law." ***Id.*** (citation omitted).

The standards required for withdrawing a guilty plea differ "depending on whether the defendant seeks to withdraw the plea before or after sentencing." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017). In the context of a pre-sentence motion to withdraw a plea, our Supreme Court has stated:

_____

[3] The trial court noted in its opinion that it did not reach the question of whether the Commonwealth proved the existence of substantial prejudice in its April 18, 2024 order. ***See*** Trial Ct. Op., 7/2/24, at 8 n.15.

[4] Our Supreme Court has explained that "[w]hen a defendant enters a plea of *nolo contendere*, he technically does not admit guilt. However, for purposes of a criminal case, a plea of *nolo contendere* is equivalent to a plea of guilty." ***Commonwealth v. Norton***, 201 A.3d 112, 114 n.1 (Pa. 2019) (citations omitted).

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015) (citation and footnote omitted); ***see also*** Pa.R.Crim.P. 591(A) (stating that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit . . . the withdrawal of a plea").

> A fair and just reason exists where the defendant makes claim of innocence that is at least plausible. ***Carrasquillo***, 115 A.3d at 1292. "Stated more broadly, 'the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Norton***, 201 A.3d at 120-21 (quoting ***Carrasquillo***, 115 A.3d at 1292). "[T]rial courts have discretion to assess the plausibility of claims of innocence." ***Id.*** at 121.

***Commonwealth v. Garcia***, 280 A.3d 1019, 1023 (Pa. Super. 2022) (footnote omitted).

This Court has explained that "the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Reid***, 117 A.3d 777, 783 (Pa. Super. 2015) (citations omitted and formatting altered). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any

recommended sentence." *Id.* at 782 (citations and quotation marks omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted); *see also* Pa.R.Crim.P. 590, cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).[5]

When reviewing the trial court's ruling on a pre-sentence motion to withdraw a plea, we review the trial court's exercise of discretion as follows:

When a [trial] court comes to a conclusion through the exercise of its discretion, there is a heavy burden [on the appellant] to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found

_____

[5] The record reflects both a written and oral plea colloquy. *See* Written Colloquy, 1/11/24, at 1-4; N.T., 1/11/24, at 2. On appeal, Appellant has not alleged that the trial court failed to delve into the six areas stated in *Reid* or presented an issue that the colloquy was inadequate. Accordingly, any challenge on that basis is waived on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the statement . . . are waived"); *see also Muhammad*, 794 A.2d at 382 n.9 (holding that the appellant waived claim concerning adequacy of his plea colloquy by failing to include it in his Rule 1925(b) statement).

based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

* * *

[I]t is important that appellate courts honor trial courts['] discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas[] would promote fairness and justice.

*Garcia*, 280 A.3d at 1023-24 (some formatting altered) (quoting *Norton*, 201

A.3d at 120, 121).

Here, the trial court addressed Appellant's claim as follows:

Here, Appellant failed to meet his burden to present a colorable demonstration of innocence under the circumstances, such that permitting withdrawal of his plea would promote fairness and justice. Rather, the facts of this case closely follow the facts of [*Commonwealth v.*] *Lang*, [1353 EDA 2019, 2020 WL 1686487 (Pa. Super. filed Apr. 7, 2020) (unpublished mem.).[6]] In *Lang*, in relevant part,[FN14] the defendant attempted to withdraw his guilty plea one day prior to sentencing, by way of raising for the first time a total alibi defense. Specifically, the defendant claimed that he resided in Florida at the time that the underlying receiving stolen property offense occurred, and that his roommate in Florida would testify in support of same. The trial court denied the defendant's motion to withdraw his guilty plea, noting first that the defendant failed to file a notice of alibi witness at any point while the case was in litigation. Second, the trial court noted that the defendant could not account for the fact that seven months elapsed between the date of his preliminary arraignment, when he was officially informed of the date of the alleged crime, and the

_____

[6] *See* Pa.R.A.P. 126(b) (stating non-precedential decisions of Superior Court filed after May 1, 2019 may be cited for their persuasive value).

date of his motion to withdraw his plea; nor could he offer a plausible explanation for the last-minute assertion of an alibi.

[FN14] In *Lang*, the defendant was convicted at two dockets, No. 330-2018, and No. 331-2018, with the discussion involving docket 331-2018 being relevant to this opinion.

In affirming the trial court, the Superior Court noted that the defendant had months to investigate the discovery materials, and knew of the date of the alleged offense, but [he] waited until the day before sentencing to raise an alibi defense for the first time. Ultimately, the Superior Court concluded that the trial court properly determined that the alibi presented was not credible, and the defendant's conviction was affirmed. [*Compare Lang with*] *Commonwealth v. Islas*, 156 A.3d 1185 [(Pa. Super. 2017)] (where the defendant maintained a colorable claim of innocence prior to the plea and presented his motion to withdraw the plea just one month after his plea date and two months prior to sentencing, where he alleged that the decision to withdraw the plea was, in part, due to his new counsel informing him of possible defenses that prior counsel never discussed, and where the Commonwealth failed to prove substantial prejudice, it was an abuse of discretion for the trial court to deny the defendant's motion to withdraw his plea).[FN15]

[FN15] As discussed in the, April 18, 2024, order denying Appellant's motion to withdraw his plea, this court did not reach the question of whether the Commonwealth proved the existence of substantial prejudice.

In this case, Appellant waited until only four days before sentencing to present a partial, rather than total, alibi defense. Like [the defendant in] *Lang*, [here,] Appellant knew of the dates alleged in the criminal information for months prior to sentencing, yet [he] waited until just days before sentencing to present his incarceration alibi to the court. Unlike *Lang*, here, Appellant alleged a reason for the delay in presenting the incarceration alibi, in that the Franklin County Prison purportedly provided incorrect records regarding his time incarcerated there.[FN16] However, that period of incarceration still covered less than half of the time frame alleged in the criminal information.

[FN16] Appellant did not identify how those prison records were incorrect, or when the correct records were provided. Further, Appellant did not explain why he could not have

- 9 -

identified when he was incarcerated in Franklin County based on his own independent knowledge of same.

Regarding the remaining time frame, during the argument on his motion, Appellant attempted to present a second alibi by arguing that he was at work, for the entire remaining period covered in the criminal information. **That explanation struck this court as flatly incredible, as Appellant himself conceded that he was not at work for every hour of every day during a greater than one-year span of time.**[FN17] While Appellant attempted to explain that he lived in a different location while he was working, he did not identify where he worked, where his alternate housing was located, what employment he was performing, or how that employment would prevent him from returning to his familial residence for over a year. Further, Appellant offered no explanation as to why he was unable to present that second alibi defense until he appeared in court on April 12, 2024, three months after his no contest plea was entered. That fact is especially noteworthy given that Appellant [presented] his first partial alibi defense on April 5, 2024, indicating that he was clearly aware of the time frames at issue at that time, and leaving this court to infer that Appellant was simply creating potential alibis to evade the consequences of his *nolo contendere* plea. Based upon those facts, this court concluded that Appellant failed to meet his burden to present a colorable demonstration of innocence which, under the circumstances, would permit withdrawal of his plea of *nolo contendere* on the grounds that it would promote fairness and justice.

[FN17] *See* Transcript of Proceedings dated April 12, 2024, at 8-9.

Trial Ct. Op., 7/2/24, at 7-10 (some formatting altered and emphasis added).

Ultimately, the trial court concluded:

In this case, Appellant raised two eleventh-hour partial alibi defenses, with the first partial alibi presented to this court mere days before his scheduled sentencing date, and the second presented during the hearing on his motion to withdraw his *nolo contendere* plea. Neither partial alibi appeared to be credible, and in fact Appellant's second partial alibi, that he spent over a year at work and out of the familial residence, struck this court as patently false. Further, Appellant failed to provide any credible

- 10 -

explanation as to why he could not present either possible alibi until the time of sentencing, given that the facts supporting those alibis were fully within his control.[FN18]  As such, this court concluded that Appellant failed to present more than a bare assertion of innocence, and [it] denied [Appellant's] motion to withdraw his plea.  Considering the foregoing, this court respectfully submits that it should be affirmed on appeal.

> [FN18]  As discussed previously, Appellant certainly would have been aware of the dates that he was incarcerated in Franklin County, and Appellant certainly would have known prior to April 12, 2024, that he was working, and therefore away from his familial residence for over twelve consecutive months during the time frame at issue.

*Id.* at 10-11.

Following our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's motion to withdraw his *nolo contendere* plea.  As noted by the trial court, Appellant alleged that Franklin County provided incorrect information relating to dates of Appellant's incarceration, which he raised for the first time in the motion to withdraw his plea.  *See* Trial Ct. Op., 7/2/24, at 8-9.  Specifically, Appellant noted that the correct information reflected that he was incarcerated from September of 2018 to September of 2019.  At the hearing, Appellant's counsel conceded that the criminal information alleged that Appellant sexually abused the victim at times between July 14, 2017 and July 13, 2019.  *See* N.T., 4/12/24, at 4-5; Am. Crim. Information, 11/7/23.  Appellant's counsel also admitted that even if Appellant was incarcerated from September of 2018 to September of 2019, Appellant was not in custody for more than one year during the time period in which the crimes were alleged to have occurred.  *See* N.T., 4/12/24, at 7.

Additionally, we agree with the trial court that even if the initial discovery reflected incorrect dates for Appellant's incarceration, Appellant failed to provide any explanation as to why he could not have identified the correct dates of his incarceration based on his own independent knowledge until only four days prior to sentencing. **See** Trial Ct. Op., 7/2/24, at 9 n.16.

After review, we conclude that the record supports the trial court's conclusion that Appellant failed to present more than a bare assertion of innocence. The record supports the trial court's conclusion that Appellant's incarceration alibi defense at best, is only partial, as it did not account for the entire time period alleged in the Commonwealth's criminal information. **See** N.T., 4/12/24, at 4-5; Am. Crim. Information, 11/7/23. Additionally, Appellant failed to establish why this incarceration alibi could not have been presented sooner than four days prior to sentencing as Appellant knew the dates that he had been incarcerated. **See** Trial Ct. Op., 7/2/24, at 9 n.16.

Further, on this record, we agree with the trial court that the implausibility of Appellant's claim of innocence, in and of itself, is enough to prove that the trial court acted properly within its discretion by denying the withdrawal of his plea. Although the trial court did not reach the question of whether the Commonwealth proved the existence of substantial prejudice, the interests of justice raise legitimate concerns of subjecting the minor victim to further psychological harm and trauma by the plea withdrawal. **See** **_Commonwealth v. Carr_**, 543 A.2d 1232, 1234 (Pa. Super. 1988); **_see also_**

***Commonwealth v. Shaulis,*** 290 WDA 2023, 2023 WL 8472577, at *10 (Pa. Super. filed Dec. 7, 2023) (unpublished mem.).

For these reasons, we agree with the trial court that Appellant's proffered partial alibis were not credible, and that Appellant failed to present more than a bare assertion of innocence that was not plausible. Accordingly, we discern no abuse of discretion, nor error of law in the trial court's order denying Appellant's motion to withdraw his plea. ***See Garcia***, 280 A.3d at 1023; ***see also Carrasquillo***, 115 A.3d at 1291-92. Therefore, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/9/2025